**UNITED STATES of America, Appellee,**

v.

**David Allan AMOS, Appellant.**

**UNITED STATES of America, Appellant,**

v.

**David Allan AMOS, Appellee.**

**Nos. 91–1338, 91–1525.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Dec. 24, 1991.

Curt Ewinger, Aberdeen, S.D., argued, for appellant.

Philip Hogen, Asst. U.S. Atty., Sioux Falls, S.D., argued, for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

FAGG, Circuit Judge.

David Allan Amos appeals his conviction for aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1). The

Government appeals Amos's sentence. We affirm Amos's conviction, but remand for resentencing consistent with this opinion.

At his trial, Amos requested the district court to instruct the jury on sexual abuse, 18 U.S.C. § 2242(1), and sexual abuse of a minor, 18 U.S.C. § 2243(a), as lesser included offenses of aggravated sexual abuse by force. The district court declined to give Amos's requested instructions. On appeal Amos contends he was denied due process because the jury was precluded from considering the lesser offenses in lieu of aggravated sexual abuse by force. We disagree.

■ An offense is a lesser included offense when all of its elements are a subset of the elements of the greater, charged offense. *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). When "the lesser offense requires an element not required for the greater offense, no instruction is to be given." *Id.* A review of the elements of each offense demonstrates sexual abuse and sexual abuse of a minor include distinct elements not included in aggravated sexual abuse by force. Aggravated sexual abuse by force is committed when a person uses force to engage in a sexual act with the victim. 18 U.S.C. § 2241(a)(1). Sexual abuse is committed when a person causes the victim to engage in a sexual act by threatening or placing the victim in fear as specified in 18 U.S.C. § 2242(1). Finally, sexual abuse of a minor is committed when a person who is at least four years older than the victim, knowingly engages in a sexual act with a person who is twelve to fifteen years old. 18 U.S.C. § 2243(a).

■ It is clear from these definitions that sexual abuse and sexual abuse of a minor are not lesser included offenses of aggravated sexual abuse by force. Although threatening or placing the victim in fear is an element of sexual abuse, it is not a necessary element of aggravated sexual abuse by force. Unlike sexual abuse, aggravated sexual abuse by force can be committed without the kind of threat or fear required by 18 U.S.C. § 2242(1). Thus, the elements of sexual abuse are not a subset

of the elements of aggravated sexual abuse by force. Likewise, it is possible to commit aggravated sexual abuse by force without committing sexual abuse of a minor. Sexual abuse of a minor includes age elements not required for aggravated sexual abuse by force. Because sexual abuse and sexual abuse of a minor are not lesser included offenses of aggravated sexual abuse by force, the district court properly declined to give Amos's requested instructions.

■ For its part, the Government contends the district court misapplied the sentencing guidelines. First, the Government asserts the district court committed error in refusing to apply an upward adjustment for use of force under U.S.S.G. § 2A3.1(b)(1). We agree. The district court denied the adjustment because it believed the sentencing guidelines adequately took into account the force inherent in aggravated sexual abuse by force and a four-level increase under section 2A3.1(b)(1) was not warranted. This court has held, however, that for the adjustment to apply the Government need not show "a greater degree of force than is necessary to sustain a conviction [of aggravated sexual abuse by force]." *United States v. Eagle Thunder*, 893 F.2d 950, 956 (8th Cir.1990).

■ Second, the Government contends the district court committed error in refusing to apply a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. Although an upward adjustment for obstruction of justice may be appropriate when the district court finds the defendant committed perjury, *United States v. Willis*, 940 F.2d 1136, 1140 (8th Cir.1991), the "defendant's denial of guilt . . . is not a basis for application of this provision," U.S.S.G. § 3C1.1 n. 1. In this case, the district court determined that although Amos's testimony at trial differed from his statement to the police that consensual sexual contact did occur, the court found the "general tenor" was similar. Having reviewed the record, we conclude the district court's finding is not clearly erroneous. *See United States v. Dyer*, 910 F.2d 530, 533 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 276, 112 L.Ed.2d 232, *and cert.*

*denied,* —— U.S. ——, 111 S.Ct. 366, 112 L.Ed.2d 329 (1990).

 Third, the Government contends the district court erroneously granted the defendant a two-level decrease for accepting responsibility under U.S.S.G. § 3E1.1. A sentencing court's finding of acceptance of responsibility is entitled to great deference and should not be disturbed unless it is clearly erroneous. *United States v. Laird,* 948 F.2d 444, 446–47 (8th Cir.1991). Nevertheless, the adjustment for acceptance of responsibility is "not intended to apply to a defendant who puts the [G]overnment to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1 n. 2; *see also United States v. Stuart,* 923 F.2d 607, 613 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 1599, 113 L.Ed.2d 662, *and cert. denied,* —— U.S. ——, 112 S.Ct. 145, 116 L.Ed.2d 111 (1991). In this case, Amos initially pleaded guilty but later withdrew his plea, maintaining at trial that no sexual contact took place. The district court nonetheless held the "adjustment cannot [and] should not be taken away simply because [Amos withdrew his] plea of guilty and [went] to trial." We disagree. The fact that Amos admitted to the crime and accepted responsibility when he entered his guilty plea became irrelevant once he proceeded to trial and denied the offense. Our review of the record reveals no basis for the adjustment. We thus conclude the district court erroneously granted Amos a two-level decrease for accepting responsibility under U.S.S.G. § 3E1.1.

 Finally, we disagree with the district court's conclusion that the nature of Amos's forced sexual assault of the victim permitted a downward departure to an offense level of twenty-seven. A sentencing court may depart downward when it finds mitigating circumstances not adequately taken into consideration by the guidelines. 18 U.S.C. § 3553(b); *United States v. Tibesar,* 894 F.2d 317, 320 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). Differences in the severity of the conduct underlying the charged offense, however, were considered by the Sentencing Commission in establishing the sentencing range. Because the statute and guidelines adequately account for the severity of Amos's conduct, a downward departure is unwarranted in the circumstances of this case.

Accordingly, we affirm Amos's conviction and remand for resentencing consistent with this opinion.