UNITED STATES of America, Appellee,

v.

Enrique UNZUETA–GALLARSO,
Appellant.

No. 91–3418.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1992.

Decided June 5, 1992.

Arthur Martinez, Minneapolis, Minn., for appellant.

Andrew Dunne, Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Enrique Unzueta–Gallarso, a previously-deported alien, appeals from a final judgment entered in the District Court[1] for the District of Minnesota upon a jury verdict finding him guilty of unlawfully reentering the United States in violation of 8 U.S.C. § 1326(a) and using a false social security number to obtain welfare benefits in violation of 42 U.S.C. § 408(g)(2). The District Court sentenced appellant to twenty-four months imprisonment, twenty-four months supervised release and a special assessment of $100.00. For reversal, appellant argues the District Court erred in not granting him a downward adjustment to

---

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

his offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. For the reasons discussed below, we affirm the judgment of the District Court.

On January 28, 1991, Unzueta–Gallarso was arrested on sexual assault charges. He identified himself as Mauricio Corral and presented a social security card in that name. On March 8, 1991, he was interviewed by agents of the Immigration and Naturalization Service (INS). He admitted that he illegally reentered the United States and used Corral's social security number to obtain welfare benefits. He again used Corral's social security number to obtain benefits on May 9 and 10, 1991. When interviewed by the probation officer, Unzueta–Gallarso was forthright about his transgressions and stated he was willing to accept punishment.

Unzueta–Gallarso was charged with unlawfully using a false social security number to obtain welfare benefits and unlawfully re-entering the United States. He did not plead guilty. As was his right, he put the government to its burden of proving the essential factual elements of the offenses. The jury found him guilty of both counts. The presentence report (PSR) recommended an adjustment for acceptance of responsibility, and the government objected. At sentencing, Unzueta–Gallarso stated that he had no dispute with the facts as set forth in the PSR, he agreed with the PSR's sentencing recommendation, and he had nothing to add. He did not express remorse to the sentencing court. The district court adopted the PSR's recitation of the facts as its findings of fact and concluded that the record as a whole did not show acceptance of responsibility.

 A sentencing court's finding regarding acceptance of responsibility is entitled to great deference and will not be reversed unless it is clearly erroneous. *E.g., United States v. Amos,* 952 F.2d 992, 995 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1774, 118 L.Ed.2d 432 (1992). Only in "rare situations" will the adjustment apply to a defendant who exercises his constitutional right to a trial, such as "where a defendant goes to trial to

assert and preserve issues that do not relate to factual guilt (*e.g.,* to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." U.S.S.G. § 3E1.1, comment. (n. 2). Moreover, Unzueta–Gallarso's continuing illegal use of Corral's social security number after his admissions to the INS agents was inconsistent with a genuine acceptance of responsibility. *Cf. id.* comment. (n. 1(a)) (voluntary withdrawal from criminal conduct appropriate consideration in determining whether defendant is entitled to adjustment). Therefore, we cannot say the district court clearly erred in denying him the adjustment.

Accordingly, we affirm.