_____

No. 96-2195
_____

United States of America,    *
                             *
        Appellee,            *
                             *
    v.                       *
                             *
Steven G. DeHart,            *
                             *
        Appellant.           *


_____

No. 96-2196
_____

Appeals from the United States
District Court for the
Western District of Missouri.

United States of America,    *          [UNPUBLISHED]
                             *
        Appellee,            *
                             *
    v.                       *
                             *
Larry D. White,              *
                             *
        Appellant.           *

                             _____

              Submitted:  October 24, 1996

                  Filed:  November 27, 1996
                             _____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
                             _____

PER CURIAM.

    Steven G. DeHart and Larry D. White challenge the sentences imposed
by the district court[1] after a jury found them guilty of
conspiring to threaten and retaliate against a government
informant, and aiding and abetting that threatening and

_____

    [1]The Honorable Joseph E. Stevens, Jr., United States District Judge
for the Western District of Missouri.

retaliating, in violation of 18 U.S.C. §§ 371, 1513(b)(2), and 2.  We affirm the sentences.

In 1994, the Drug Enforcement Administration enlisted the help of an informant to investigate suspected methamphetamine trafficking in central Missouri.  The informant's information led to the arrest and conviction of DeHart's brother.  Shortly after his brother's arrest, DeHart began harassing the informant.  DeHart and White subsequently followed the informant to a friend's house, shouted various epithets and threats, and damaged the informant's car by kicking and jumping on it.  During this incident, DeHart brandished a firearm and fired two rounds into the trunk lid of the informant's car.

On appeal, DeHart argues the district court erred by denying him a two-level reduction for accepting responsibility under U.S.S.G. § 3E1.1.  We conclude the court did not clearly err in denying the reduction, as DeHart went to trial and denied that his offense conduct was motivated by the informant's statements regarding his brother.  See U.S.S.G. § 3E1.1, comment. (n.2) (conviction by trial "does not automatically preclude a defendant from consideration for such a reduction," but acceptance-of-responsibility reduction is not intended for defendant who puts government to its burden of proof at trial by denying essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse); United States v. Amos, 952 F.2d 992, 995 (8th Cir. 1991), cert. denied, 503 U.S. 1010 (1992).

White argues in his appeal that the evidence indicated he was less culpable than DeHart, and that the district court thus erred by denying him a two-level reduction for his role as a minor participant under U.S.S.G. § 3B1.2(b).  We conclude the district court did not clearly err in denying this reduction, because, even assuming White was less culpable than DeHart, White was an active participant in the criminal acts.  See United States v. Abanatha,

999 F.2d 1246, 1250 (8th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1549 (1994); <u>United States v. West</u>, 942 F.2d 528, 531 (8th Cir. 1991).

Accordingly, the judgments are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.