**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1588

_____

United States of America,          *
                                   *
        Plaintiff-Appellee,        *  Appeal from the United States
                                   *  District Court for the
    v.                             *  District of Minnesota.
                                   *
Clark Beach Field,                 *
                                   *
        Defendant-Appellant.       *

_____

Submitted:  November 20, 1996

Filed:  April 7, 1997

_____

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Clark Beach Field appeals one aspect of his sentence -- the district court's[1] denial of a reduction for acceptance of responsibility.  We affirm.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Clark Field and his brother Richard Field[2] applied to the city of Clarkfield, Minnesota, for a loan through the Small Cities Grant Program, funded by the Department of Housing and Urban Development (HUD). The Fields sought funding in the amount of $282,000 to establish their new whey drying business, Clarkfield Drying, Incorporated. Before agreeing to release the HUD funds, the Minnesota Department of Trade and Economic Development, which administered the federal program, required proof through a loan commitment letter that the Fields had secured additional private financing. Unable to secure additional private funding totalling $292,000 after numerous attempts, the Field brothers entered into a conspiracy to obtain the HUD funds through a false letter of credit from Rudell Oppegard, president of the Twin Valley State Bank of Twin Valley, Minnesota. When this attempt also failed, they entered into a conspiracy to secure the funds through false documentation of private funding through the Bonanza Valley State Bank of Brooten, Minnesota, and its president, Martin Gjerde.[3]

The Field brothers and the bankers were indicted on various charges of mail fraud and two charges of conspiracy to defraud the United States government. The counts relating to the Twin Valley State Bank conspiracy were severed from the counts relating to the Bonanza Valley State Bank conspiracy, and tried separately. First, the Fields and Oppegard, coconspirator in the Twin Valley State Bank conspiracy, proceeded to trial on one count of conspiracy to defraud the United States of funds in violation of 18 U.S.C. § 371 (1994), and one count of mail fraud in violation of 18 U.S.C.

---

[2]We also affirm Richard Field's sentence today in a separate appeal. See United States v. Richard William Field, No. 96-1589 (8th Cir. Apr. ___, 1997).

[3]For additional facts concerning Martin Gjerde's involvement in the scheme, see United States v. Gjerde, No. 96-2033 (8th Cir. Apr. ___, 1997).

§ 1341. The jury convicted all three defendants on both counts. Thereafter, on the first day of the separate trial involving the charges arising out of the Bonanza Valley State Bank conspiracy, Clark and Richard Field both pleaded guilty to one additional count of conspiracy to defraud the United States based upon their dealings with Gjerde and the Bonanza Valley State Bank (they also waived their right to appeal the guilty verdicts that resulted from the trial with Oppegard). In return, the government dismissed all remaining counts of the indictment against the Fields. Gjerde pleaded not guilty and proceeded to trial where the jury convicted him of one count of conspiracy.

At sentencing, the district court denied Clark's request for an acceptance-of-responsibility adjustment to his base offense level. The district court sentenced Clark to twenty-three months of imprisonment and two years of supervised release. Field appeals his sentence, challenging the district court's denial of the reduction for acceptance of responsibility.

The Sentencing Guidelines permit a two-level reduction in a defendant's base offense level if the defendant "clearly demonstrates acceptance of responsibility for his offense." United States Sentencing Commission, Guidelines Manual, § 3E1.1(a) (Nov. 1995). The Guidelines permit an additional one-level reduction when the offense is level 16 or greater and the defendant has further assisted authorities in the prosecution of his own conduct by timely providing complete information concerning his own involvement and timely notifying authorities of his intention to plead guilty. USSG § 3E1.1(b). The presentence report calculated Field's total offense level at 16. No downward adjustment for acceptance of responsibility was recommended by the probation officer. "We review a district court's factual findings regarding [a] defendant's acceptance of responsibility for clear error and

overturn the court's denial of such a reduction only if it is without foundation." <u>United States v. Byrd</u>, 76 F.3d 194, 195 (8th Cir. 1996) (internal quotations omitted).

The district court determined that Clark did not accept responsibility because the evidence indicating such acceptance was outweighed by conduct inconsistent with an acceptance of responsibility. The district court found that Clark denied the essential factual elements of the two counts relating to the Twin Valley State Bank conspiracy, he put the government to its burden of proof at trial on those counts, and he did not agree to plead guilty on the count relating to the Bonanza Valley State Bank conspiracy until the morning of the second trial, which commenced a few days after his conviction on both counts in the first trial. The district court cited Clark's continued assertions that his illegal acts were in the best interest of the city and that he broke the law "to satisfy the bureaucrats," as inconsistent with an acceptance of responsibility.

Clark contends that his is the rare situation where he can demonstrate acceptance of responsibility even though he exercised his right to a trial. He asserts that his preindictment voluntary payment of a substantial amount of restitution indicates an acceptance of responsibility, and he denies that his statement about satisfying the bureaucrats was an attempt to blame others for his conduct, insisting that he merely offered an honest explanation for his motive. Furthermore, Clark asserts that he did not deny any factual element at trial but exercised his right to a trial only "to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct." USSG § 3E1.1, comment. (n.2). <u>See</u> <u>United States v. Unzueta-Gallarso</u>, 966 F.2d 390, 391 (8th Cir. 1992).

4

When reviewing the grant or denial of a reduction for acceptance of responsibility, we afford great deference to the determination of the district court judge, who is in a unique position to evaluate whether a defendant has accepted responsibility for his offense. Byrd, 76 F.3d at 196; USSG § 3E1.1, comment. (n.5). We conclude that the district court did not clearly err by denying a reduction for acceptance of responsibility in this case. As indicated above, the presentence investigation report did not recommend a reduction for acceptance of responsibility. The record reveals Clark went to trial contesting the factual elements of guilt on counts one and two. There were no stipulations of guilty conduct eliminating factual elements of guilt or limiting trial to a constitutional or statutory challenge. The district court concluded that Clark's attempt to minimize his role, to maintain that his illegal actions were in the city's best interest, and to blame his conduct on the pressure of satisfying bureaucrats is inconsistent with a true acceptance of responsibility. This conclusion is not without foundation. Such conduct is more akin to a defendant who continues to deny the fraud than to one who accepts responsibility for his actions. See United States v. Roggy, 76 F.3d 189, 194 (8th Cir.) (noting that a defendant who continues to deny the fraud is not entitled to a reduction for acceptance of responsibility), cert. denied, 116 S. Ct. 1700 (1996). Furthermore, the "mere expression of remorse does not warrant a reduction under section 3E1.1." Id. While voluntary payment of restitution prior to an adjudication of guilt is a legitimate consideration in determining whether a defendant is entitled to a reduction for acceptance of responsibility, USSG § 3E.1., comment (n.1(c)), in light of Clark's other actions and statements, we conclude that the district court did not abuse its discretion by denying a reduction for acceptance of responsibility.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6