**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1539

_____

United States of America,      *
                               *
         Plaintiff - Appellant, *  Appeal from the United States
                               *  District Court for the
    v.                         *  District of North Dakota.
                               *
Brent William Allery,          *
                               *
         Defendant - Appellee.  *
                               *

_____

Submitted: October 22, 1997
        Filed: March 20, 1998

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

The government appeals the district court's order granting defendant Brent William Allery's post-trial motion for judgment of acquittal. The government claims there is sufficient evidence to support the jury's verdict finding Allery guilty of abusive sexual contact by use of force in violation of 18 U.S.C. § 2244(a)(1) (1994). We agree and reverse and remand.

I.

Viewing the evidence in the light most favorable to the verdict, a reasonable jury could have found the following facts. At approximately 11:30 p.m. on June 24, 1995, the victim, Darcie Jackson, arrived home where she lived with her boyfriend, Corey Delorme, and her children. Jackson told Delorme, who was awake watching television, that she was going to bed. She went to the bedroom where two of her children were already sleeping. Jackson closed the window in the room and then fell asleep on the bed.

Jackson next remembered awaking with someone lying on top of her engaging in sexual intercourse with her. She testified as follows:

> When I woke up, [Allery] was having intercourse with me. I thought that was Corey, until I opened my eyes, and when I felt the hair, that was not Corey, and I pushed him away, and he was trying to kiss me on the mouth, and that's when I smelled the alcohol, and I got scared, and I tried to—I tried to get away, and which I did, and that's when I started hollering for Corey.

(Trial Tr. at 358-59.)

After Jackson got away, Allery grabbed her and threw her back onto the bed. Jackson then pulled Allery's hair and pushed him away as she fell off the bed to the floor. Allery then fled, jumping out the open bedroom window from which he had originally entered. Allery was subsequently arrested after police found him asleep in a pick-up truck while wearing only his underwear. Allery is an Indian and Jackson's home is located on an Indian reservation.

Allery was indicted for one count of abusive sexual conduct by the use of force in violation of 18 U.S.C. § 2244(a)(1). Following trial, a jury convicted Allery of the

charge. The district court then granted Allery's motion for judgment of acquittal, ruling that "the evidence does not sufficiently show the element of 'force,' such that a rational trier of fact could have found beyond a reasonable doubt, that the Defendant committed the crime of 'abusive sexual contact.'" (Dist. Ct. Order and Mem. at 4.)

## II.

The government argues that the district court erred in granting the judgment of acquittal because there is sufficient evidence to support the jury's verdict finding Allery guilty of abusive sexual contact by use of force. A district court has "very limited latitude" in ruling on a motion for judgment of acquittal. United States v. Robbins, 21 F.3d 297, 298 (8th Cir. 1994) (internal quotations omitted). In exercising this limited latitude, it "cannot weigh the evidence or assess the credibility of the witnesses." Id. at 299. Instead, the court "must determine whether the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any essential elements of the crime charged." Id. (internal quotations omitted). We apply these same standards on appeal. Id.

The crime of abusive sexual conduct by use of force is proscribed by 18 U.S.C. § 2244(a)(1), which makes it unlawful to knowingly engage in "sexual contact" with another person if to do so would violate 18 U.S.C. § 2241 if the sexual contact had been a "sexual act." Section 2241(a)(1) prohibits knowingly causing another person to engage in a sexual act "by using force against that other person." The statute defines the term "sexual contact" as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3). Section 2244(a)(1) is applicable in this case by virtue of 18 U.S.C. § 1153, which grants the district court jurisdiction over this case by providing that "[a]ny Indian who commits" certain offenses, including § 2244,

-3-

"within the Indian country, shall be subject to the same laws and penalties as all other persons committing" the offense "within the exclusive jurisdiction of the United States." See United States v. Goodlow, 105 F.3d 1203, 1206 (8th Cir. 1997); United States v. Demarrias, 876 F.2d 674, 675 (8th Cir. 1989). Thus, the essential elements of abusive sexual contact by force in this case are: (1) knowingly and intentionally engaging in sexual contact with another; (2) doing so with the intent to abuse, humiliate, harass, degrade, or arouse or gratify a person's sexual desire; (3) the use of force in causing the sexual contact; (4) the defendant is an Indian; and (5) the act occurred in Indian country. See 18 U.S.C. §§ 2244(a)(1), 2241(a)(1), 2246(3), 1153.

The parties stipulated that the fourth and fifth elements were met in this case. Allery concedes, and the district court ruled, that the first and second elements are supported by substantial evidence. The sole issue here is whether there is sufficient evidence of the third element—that Allery used force in causing the sexual contact.

The term "force" is not defined in the statute. United States v. Jones, 104 F.3d 193, 197 (8th Cir.), cert. denied, 117 S. Ct. 2470 (1997). However, we have previously held:

> The requirement of force may be satisfied by a showing of the use, or threatened use, of a weapon; the use of such physical force as is sufficient to overcome, restrain, or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim.

United States v. Fire Thunder, 908 F.2d 272, 274 (8th Cir. 1990) (quoting H.R. Rep. No. 99-594, at 14 n.54a (1986), reprinted in 1986 U.S.C.C.A.N. 6186, 6194 n.54a). We have also repeatedly held that force sufficient to prevent the victim from escaping the sexual contact satisfies the force element. See Jones, 104 F.3d at 197; United States v. Bordeaux, 997 F.2d 419, 421 (8th Cir. 1993); Fire Thunder, 908 F.2d at 274; see also United States v. Lauck, 905 F.2d 15, 18 (2d Cir. 1990).

In support of the judgment of acquittal, Allery argues that the force element in § 2241(a)(1) "is present only if the sexual contact results from restraint that is such that the victim cannot escape the sexual contact." (Appellee's Br. at 5) (emphasis added). Allery claims that because Jackson was eventually able to escape, force was not present. We reject this argument. Eventual escape by the victim of the sexual contact does not prevent a finding that the sexual contact occurring immediately before the escape was caused by using force. The statute prohibits "caus[ing] another person to engage in" sexual contact "by using force against that other person." 18 U.S.C. § 2241(a)(1). This language does not require force that prevents the eventual escape of the victim. Instead, it requires the use of force sufficient to restrain the victim and allow the defendant to engage in sexual contact. See Lauck, 905 F.2d at 18 ("The 'force' that the statute condemns . . . is force that, by being used against the other person, results in a sexual contact.") Although proof that the victim was unable to escape is sufficient to sustain a finding of such force, it is not necessary to a finding that force was used.

After reviewing the record in this case, we are convinced there is sufficient evidence of force to support the jury's guilty verdict. Jackson testified that Allery was lying on top of her and having sexual intercourse with her when she awoke. When Jackson realized Allery was not her boyfriend, she attempted to push him away. The record supports the reasonable inference that Allery continued to engage in sexual intercourse with Jackson while she tried to push him away, and that the two struggled before Jackson succeeded in pushing Allery away. The jury could conclude that Allery was physically restraining Jackson by lying on top of her and resisting her attempts to push him away while at the same time he was having sexual intercourse with her. Thus, the jury could find that Allery was engaging in sexual contact with Jackson while physically restraining her. Such physical restraint of the victim is sufficient to constitute force under the statute. See Fire Thunder, 908 F.2d at 274 ("The requirement of force may be satisfied by . . . the use of such physical force as is

sufficient to . . . restrain . . . a person."). Therefore, the jury reasonably could have found that the government proved the essential element of force.

III.

We hold that there is sufficient evidence to support Allery's conviction by the jury for abusive sexual contact by use of force. We therefore reverse the judgment of acquittal and remand the case to the district court for entry of judgment on the jury's guilty verdict, and for further proceedings thereon.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.