# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2644

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Brent William Allery, | * | of North Dakota. |
| | * | |
| Appellee. | * | |

———————

Submitted:  January 12, 1999

Filed:  April 15, 1999

———————

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

MORRIS SHEPPARD ARNOLD, Circuit Judge.

This is the second time that this case has been before us.  In the first appeal, we reversed the district court's order granting Brent William Allery's post-trial motion for judgment of acquittal, because we believed that the evidence produced at his trial did in fact support a jury finding that he had used force in committing abusive sexual contact.  *See United States v. Allery*, 139 F.3d 609 (8th Cir. 1998), *cert. denied*, 118 S. Ct. 2389 (1998).  On remand for entry of a judgment of conviction and sentencing, the trial court departed from the applicable guideline range of 70-87 months and

sentenced Mr. Allery to a term of 30 months. The government appealed and we reverse and remand for resentencing.

I.

At the sentencing hearing, the trial court concluded that a downward departure from the applicable guideline range was warranted because the facts of the case did not fall within the heartland of offenses proscribed by 18 U.S.C. § 2244(a)(1), the statute under which Mr. Allery stood convicted. The facts of the case were certainly most unusual, and we rehearsed them in detail in our first opinion in this case: Mr. Allery forced himself on his victim while she was asleep, and when she awoke she pushed him away and freed herself. We upheld the conviction on the ground that the jury was free to infer from the facts just recited that Mr. Allery "was physically restraining [the victim] by lying on top of her and resisting her attempts to push him away while at the same time he was having sexual intercourse with her." This, we held, was "sufficient to constitute force under the statute." *United States v. Allery*, 139 F.3d at 612.

We have held that an upward departure is warranted in cases in which the victim suffered " 'psychological injury much more serious than that normally resulting from the commission of the offense,' " *United States v. Yellow*, 18 F.3d 1438, 1442 (8th Cir. 1994), quoting U.S.S.G. § 5K2.3 (policy statement), and Mr. Allery urges us to adopt a symmetrical rule in his favor. There are two difficulties with this request. The first is that the record is silent on the question of how much psychological injury the victim suffered in this case, and we are loath to adopt a *per se* rule that the circumstances in which the victim found herself (waking up with a total stranger having sexual intercourse with her) necessarily imply a level of psychological distress entirely atypical of that suffered by rape victims in general. Secondly, and perhaps more important, the grounds for the upward departure that we sustained in *United States v. Yellow* were specifically approved of by U.S.S.G.

§ 5K2.3 (policy statement). The departure that Mr. Allery argues for here finds no similar sanction in the guidelines.

A consideration that the guidelines do not specifically approve will, however, sustain a departure if it is sufficiently unusual to take the case out of the guidelines' heartland. Although the Sentencing Commission has indicated its belief that such departures will be "extremely rare," *see* U.S.S.G. § 5K2.0 (policy statement), commentary, *see also* U.S.S.G. Ch. 1, Pt. A(4)(b) (policy statement), the Supreme Court has instructed us to review a district court's decision to make this kind of departure under an abuse of discretion standard. The Court has further cautioned that the district court's departure decisions "will in most cases be due substantial deference." *Koon v. United States*, 518 U.S. 81, 98 (1996).

It is apparent to us that the highly unusual factual circumstances of this case were such that it was not an abuse of discretion to hold that the case lay outside the heartland of those cases for which the guideline applicable here was intended. Although the amount of force that was used to commit the relevant crime was, as we held, sufficient to sustain a conviction under the statute, it was, we think, virtually the least amount of force that could do so. That being so, the case almost necessarily falls outside the heartland of cases that the applicable guideline covers. We cannot say, at least, that it would be an abuse of discretion to hold that it did.

Judge Hansen, in his dissent, takes the view that *United States v. Amos*, 952 F.2d 992 (8th Cir. 1991), *cert. denied*, 503 U.S. 1010 (1992), requires us to hold that the departure in this case was error. We disagree. At most, *United States v. Amos* stands for the proposition that a departure in cases like the present one is prohibited because "[d]ifferences in the severity of the conduct underlying the charged offense ... were considered by the Sentencing Commission in establishing the sentencing range." *Id.* at 995. That proposition, we believe, cannot survive *Koon* because we see nothing in the " 'structure and theory of ... the Guidelines taken as a whole,' "

-3-

*Koon*, 518 U.S. at 96, quoting *United States v. Rivera*, 994 F.2d 942, 949 (1st Cir. 1993), that would forbid a departure. We think, in particular, that the fact that an enhancement was applicable in Mr. Allery's case is irrelevant: An enhancement merely serves to establish a guideline range, it does not automatically immunize a sentence from a departure.

The government asserts that the trial court saw atypicality in this case because the victim was "incapable of declining participation in, or communicating unwillingness to engage in, [the] sexual act," *see* 18 U.S.C. § 2242(2)(B), and points out that the base offense level for that kind of sexual abuse is 27, the same base offense level that the trial court found applicable before it departed. *See* U.S.S.G. § 2A3.1(a) and commentary (background). The government argues, therefore, that the departure was unwarranted, because the sentencing range would not have changed even if the alleged atypicality of Mr. Allery's offense conduct had been the basis for the conviction in the first place.

We see at least two infirmities in the government's argument. The first is that we believe that the trial court thought that the offense was atypical because of the minimal amount of force used, not because of the victim's inability to consent. Even if our understanding of the record in this respect is in error, however, a base offense level of 27 was not appropriate for this case, as the government itself points out in its brief: That level should have been increased by four under U.S.S.G. § 2A3.1(b)(1) because Mr. Allery used force in perpetrating his offense. The government, however, made no objection at sentencing to the guideline range that the trial court found applicable and it specifically waived the matter in its appeal brief. We see no reason to allow it to resurrect that legal issue, in an essentially collateral way, by employing it as a reason to undermine the propriety of the trial court's departure. The government has conceded the applicability of the guideline range from which the court departed, and it is that departure, not some other one, that we have before us.

-4-

II.

Because we think that the trial court did not abuse its discretion in finding that the facts of this case set it apart, we would ordinarily affirm the judgment. In this case, however, after the sentencing hearing, the court identified some other considerations that led it to depart, and we are obligated to examine the appropriateness of these. That is because in instances in which a district court uses both appropriate and inappropriate considerations in concluding that a departure is warranted, we must remand for a reconsideration of the sentence. *See*, *e.g.*, *United States v. Simmons*, 964 F.2d 763, 777 (8th Cir. 1992), *cert. denied*, 506 U.S. 1011 (1992); *cf. Williams v. United States*, 503 U.S. 193, 202-03 (1992) .

The other considerations to which the trial court adverted in deciding to depart were that Mr. Allery had no prior criminal history, that he refrained from criminal behavior after his trial, and that his actions represented aberrant behavior on his part. The first of these can be shortly dealt with. We have squarely held that the lack of prior criminal history can never furnish the basis for a downward departure. *See*, *e.g.*, *United States v. Wind*, 128 F.3d 1276, 1278 (8th Cir. 1997). It is true that we held in *United States v. Kapitzke*, 130 F.3d 820, 823 (8th Cir. 1997), that post-offense rehabilitation may, if it is sufficiently unusual, furnish grounds for a downward departure. In this case, however, the record shows only that Mr. Allery has not broken the law since he was convicted. There is, we can hope, nothing atypical about obeying the law. Mr. Allery's post-conviction activities here are hardly different from those of thousands of other offenders and thus cannot serve to take his case out of the heartland of those to which his guidelines apply.

As for the allegedly aberrational character of the offense conduct, it is true that we have indicated that acts of aberrant behavior may, in an appropriate case, support a downward departure. But in this case, we believe that the trial court abused its discretion in finding that Mr. Allery's acts were aberrant in the sense that our cases have defined them.

One line of our cases defines aberrant behavior as a " 'spontaneous and seemingly thoughtless act,' " *United States v. Weise*, 89 F.3d 502, 507 (8th Cir. 1996), quoting *United States v. Carey*, 895 F.2d 318, 325 (7th Cir. 1990). The acts that Mr. Allery committed here simply cannot be characterized as "spontaneous and seemingly thoughtless"; they must of necessity have involved an amount of planning wholly inconsistent with spontaneity, and the record in fact reveals that they did. Another of our cases indicates that the aberrancy of offense conduct can be evaluated in light of the extent to which that conduct deviated from that typical of those who commit the relevant offense. *See United States v. Kalb*, 105 F.3d 426, 429 (8th Cir. 1997). In the present case, at least, such a definition reduces itself to a surrogate for the initial ground on the basis of which the trial court departed, namely, the atypicality of Mr. Allery's behavior when compared to the behavior that occurs in heartland cases. This ground, therefore, represents at worst a legal error and at best a simple redundancy.

III.

Since the trial court adverted to both appropriate and inappropriate considerations in fixing a sentence in this case, we vacate the sentence and remand the case for a reconsideration of Mr. Allery's sentence. On remand, the trial court must decide whether it wishes to depart from the guidelines because the amount of force that Mr. Allery employed was sufficiently atypical to make his case one that lies outside the heartland of cases that the Sentencing Commission considered in formulating the guidelines. None of the other considerations that the trial court used in arriving at its original sentence may properly be brought to bear in the resentencing.

HANSEN, Circuit Judge, concurring in part and dissenting in part.

I concur in Part II of the court's opinion that holds that the bases for the district court's departure discussed in that Part are inappropriate bases for a downward

departure. I respectfully dissent from Parts I and III to the extent that those Parts approve of the district court's departure based on the minimal amount of force used to commit the abusive sexual contact for which Allery was convicted.

Before a sentencing court may depart from an otherwise correctly determined Guideline sentencing range because the case is outside the Guideline's heartland, it must determine whether the contemplated departure is expressly forbidden, encouraged, or discouraged by the Sentencing Commission. See United States v. Woods, 159 F.3d 1132, 1134 (8th Cir. 1998). "If the factor is unmentioned [as is the case here], the sentencing court must consider the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, and decide whether the factor is sufficient to take the case out of the heartland." Id. (internal quotations and citations omitted).

Allery's sentence was determined pursuant to USSG § 2A3.1 (1995). In United States v. Amos, 952 F.2d 992, 995 (8th Cir. 1991), cert. denied, 503 U.S. 1010 (1992), we reversed a district court's downward departure based on the nature of the defendant's sexual assault of the victim. As the court's present opinion sets out, our court held in Amos that "'[d]ifferences in the severity of the conduct underlying the charged offense . . . were considered by the Sentencing Commission in establishing the sentencing range.'" Ante at __ (quoting Amos, 952 F.2d at 995). The court now says that the Amos holding cannot survive after the Supreme Court's decision in Koon. I respectfully disagree. Because USSG § 2A3.1 is designed to apply in cases ranging from those where the absolute minimum amount of force necessary to violate the sexual abuse statutes has been employed by the perpetrator up to and including those cases involving the maximum application of force to the victim, i.e., murder during the commission of the offense, see USSG § 2A3.1(c), the structure and theory of the Guideline demonstrate that the factor of the amount of force involved in a particular sexual abuse crime has been accounted for by the Sentencing Commission in setting the base offense level and in establishing the specific offense characteristics

and cross-references contained in § 2A3.1. Consequently, no downward departure based on the fact that only the minimum amount of force necessary to violate the statute was employed is permitted. <u>See</u> 18 U.S.C. § 3553(b) (no departure allowed where the Sentencing Commission has adequately taken the factor into consideration in formulating the Guideline). Stated another way, the "heartland" of cases covered by this Guideline is, as far as the force factor is concerned, as broad as the range of force that may be employed to accomplish the crime.

An analogy to the determination of sentences under the drug guideline may better illustrate my point. Assume a sentencing judge determines that a defendant who falls in Criminal History Category III is responsible for delivering a small quantity, say 50 grams, of marijuana. USSG § 2D1.1(c)(17) establishes an offense level of 6 (2-8 months) for less than 250 grams of marijuana. While a sentencing judge would be permitted to consider the fact that the defendant only was responsible for 50 grams when the judge determined where within the sentencing range of 2-8 months to impose a sentence, the judge could not depart downward from offense level 6 on the basis of the small quantity because the Sentencing Commission has already taken the absolute minimum quantity necessary to violate the statute into consideration when it wrote the Guideline at level 6 for cases involving the minimum amount of marijuana the delivery of which violates the drug statute. So it is with force as a determining factor in sexual abuse cases. While a sentencing judge can consider the fact that only the minimum force necessary to violate the statute was used against the victim to justify a sentence at the bottom of the identified guideline range, the judge cannot use minimum force as a basis for departure from that range.

The majority opinion recognizes the government's argument in this regard, but dismisses it as an attempt to resurrect a foregone appeal from the district court's failure to apply the four-level enhancement under § 2A3.1. <u>Ante</u> at 4. In this appeal, the government is not trying to add four levels to Allery's base offense level; rather,

it is showing the court that because the Guidelines did contemplate the minimal use of force needed to commit the crime of abusive sexual contact, no departure for minimal use of force should have been granted.

Finally, when we remand a case to the district court for reconsideration of a sentence, "we of course do not suggest what course the district court should take with respect to a downward departure." United States v. Brown, 990 F.2d 397, 402 (1993). Yet, that is exactly what the majority does today. While "we are loath to adopt a *per se* rule that [a person] . . . waking up with a total stranger having sexual intercourse with her[] necessarily impl[ies] a level of psychological distress entirely atypical of that suffered by rape victims in general," ante at 2, the majority finds that "the case almost necessarily falls outside the heartland of cases that the applicable guideline covers." Ante at 3. Not only does the opinion "suggest" the district court's course of action, it comes dangerously close to doing what it purports not to--creating a *per se* rule that abusive sexual contact through the use of force with a sleeping woman, who awakens while the force necessary to violate both her and the statute is being applied to her, is outside the heartland of cases contemplated by the applicable Guideline. I cannot subscribe to such a result.

For the reasons stated herein, I would reverse the district court's sentence granting a downward departure to 30 months from the identified sentencing range of 70-87 months because none of the enumerated grounds were appropriate bases for a downward departure. In particular, because the relevant Guideline is designed to cover cases where only the minimum force necessary to violate the statute has been used (a condition we found to exist in the first appeal), our court is wrong to permit the district court on remand to consider whether the amount of force employed by Allery merits a downward departure. I would remand for a sentence within the sentencing guideline range of 70-87 months.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.