# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1110

_____

United States of America,

Appellee,

v.

Charles L. Pruitt,

Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri.
\*
\*        [UNPUBLISHED]
\*

_____

Submitted: May 11, 1999

Filed: July 19, 1999

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and WATERS,[1] District Judge.

_____

PER CURIAM.

A jury convicted Charles Pruitt on two counts of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), § 924(a)(2), and one count of knowingly possessing a firearm with an obliterated serial number that had been transported in interstate or foreign commerce, *see* 18 U.S.C. § 922(k), § 924(a)(1)(B). Mr. Pruitt

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, sitting by designation.

moved for a judgment of acquittal on the third count, and the trial court[2] denied the motion. Mr. Pruitt appeals from this ruling and we affirm.

Mr. Pruitt's only contention on appeal is that there was insufficient evidence for the jury to find that he knew that the serial number had been removed from the firearm that he possessed, as required for conviction on the relevant count. *See United States v. Haynes*, 16 F.3d 29, 33-34 (2nd Cir. 1994), and *United States v. Hooker*, 997 F.2d 67, 72 (5th Cir. 1993). In reviewing the sufficiency of the evidence for a conviction, we consider the evidence in the light most favorable to the verdict and draw all reasonable inferences in favor of the government. See *United States v. Davis*, 154 F.3d 772, 786 (8th Cir. 1998), *cert. denied*, 119 S. Ct. 1072, 1078, 1090 (1999). We will overturn a verdict only if the evidence is such that a reasonable juror *has* to have a reasonable doubt about the existence of at least one of the essential elements of the crime charged. *See United States v. Allery*, 139 F.3d 609, 611 (8th Cir. 1998), *cert. denied*, 118 S. Ct. 2389 (1998).

In this case, there was ample evidence from which a reasonable jury could conclude that Mr. Pruitt knew that the serial number on his gun had been obliterated. First, Steven Guyton testified that Mr. Pruitt had used the same or a similar gun, six days before Mr. Pruitt's arrest, to shoot Mr. Guyton in the head and legs. Mr. Guyton further testified that during that struggle, Mr. Pruitt dropped the gun and it came open, spilling its bullets and empty shell casings. A firearms examiner for the city of St. Louis identified those bullets and shells, which police had retrieved from the scene of Mr. Guyton's shooting, as having been fired from the gun found in Mr. Pruitt's possession at his arrest. The jury could thus reasonably conclude that Mr. Pruitt had possessed the gun in question throughout the six days between the shooting and his arrest.

---

[2]The Honorable Jean C. Hamilton, Chief United States District Judge for the Eastern District of Missouri.

Second, there was evidence to suggest that Mr. Pruitt had occasion to examine the gun closely during the six days before he was arrested. Witnesses testified that, at the time the gun was seized, the cylinder had been secured with tape to keep it from falling out and that the gun was again fully loaded. The jury could reasonably conclude that Mr. Pruitt himself had repaired and loaded the gun and therefore had had an opportunity to observe its condition.

Finally, the firearms examiner testified that not only the serial number but also the markings identifying the make and model number of the gun had been ground off so thoroughly that they could not be restored by an acid etching process. The jury could thus reasonably conclude that the alterations were so obvious that they could not conceivably have escaped the attention of someone who had possessed and repaired the weapon.

For the reasons stated above, we affirm the judgment of the trial court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.