# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1189

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Laverne Lester Teepe, | * |
| | * |
| Appellant. | * |

_____

No. 99-2448

_____

Appeals from the United States
District Court for the
Northern District of Iowa

| | | |
|---|---|---|
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Casey Duaine Hay, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 6, 1999

Filed:  January 25, 2000

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Laverne Teepe and Casey Hay appeal from final judgments entered in the District Court[1] for the Northern District of Iowa upon Teepe's guilty plea to one count of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and upon a jury verdict finding Hay guilty of one count of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possessing with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court sentenced Teepe to thirty months imprisonment and Hay to two concurrent terms of two hundred thirty-five months imprisonment. For reversal, Teepe and Hay argue that the district court erred in determining their drug quantities. Hay also argues that the district court erred in denying him a reduction for acceptance of responsibility and in assessing him an enhancement for possessing a firearm in connection with his offenses. For the reasons discussed below, we affirm the judgments of the district court.

Although the government bears the burden to establish drug quantity, the district court may rely upon estimates that have sufficient accuracy, and we review its drug-quantity determinations for clear error. See United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998), cert. denied, 119 S. Ct. 1082 (1999). We find no clear error because Teepe and Hay challenge the credibility and reliability of government witnesses, and the district court's findings regarding witness credibility are "virtually unreviewable on appeal." See United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir.) (quoted source and internal quotation marks omitted), cert. denied, 120 S. Ct. 143 (1999). The district

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

court was entitled to disbelieve Teepe's testimony regarding the extent of his involvement with methamphetamine and instead believe Charles Lee's testimony regarding the amount of methamphetamine he purchased from Teepe, in concluding that Teepe had supplied Lee with at least one-and-a-half ounces of methamphetamine. Similarly, the district court was entitled to believe Agent Sean McCullough's testimony about Hay's statements regarding the extent of his involvement with methamphetamine, as well as Charles LaRue's testimony regarding the amount of methamphetamine he supplied to Hay, in concluding that Hay had purchased at least twelve pounds of methamphetamine from LaRue.

We also find no clear error in the district court's decision to deny Hay an acceptance-of-responsibility reduction. See United States v. Field, 110 F.3d 592, 594 (8th Cir. 1997) (standard of review). While Hay initially attempted to reach a plea agreement with the government, he ultimately withdrew his guilty plea and went to trial. See United States v. Amos, 952 F.2d 992, 995 (8th Cir. 1991) (defendant who initially pleads guilty but later withdraws plea and proceeds to trial and denies offense is not entitled to acceptance-of-responsibility reduction; granting reduction in such circumstances is clear error), cert. denied, 503 U.S. 1010 (1992), abrogated on other grounds, United States v. Allery, 175 F.3d 610, 613 (8th Cir. 1999).

Finally, we conclude that the district court did not clearly err in assessing a firearm enhancement against Hay, because the government had shown by a preponderance of the evidence that Hay possessed a firearm in connection with the offenses of which he was found guilty. See United States v. Belitz, 141 F.3d 815, 817 (8th Cir. 1998) (standard of review; burden of proof). During the search of Hay's residence, drug-packaging equipment and quantities of methamphetamine were found in various locations throughout the house, and a .38-caliber handgun and ammunition were found in close proximity to each other and to surveillance equipment. In light of these facts, it is not clearly improbable that Hay possessed the handgun in connection with his drug trafficking. See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (clear

improbability standard); <u>Belitz</u>, 141 F.3d at 817-18 (sufficient nexus where methamphetamine was found in basement and loaded pistol was found upstairs; court could conclude that readily-accessible gun enhanced defendant's comfort level while drugs were in home); <u>United States v. Regans</u>, 125 F.3d 685, 686 (8th Cir. 1997) (firearm is "tool of the trade" for drug dealers; firearm's physical proximity to narcotics may provide sufficient nexus), <u>cert. denied</u>, 523 U.S. 1065 (1998).

Accordingly, we affirm the judgments of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.