# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2822

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Blackbird Sheridan, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 16, 2001

Filed: October 26, 2001

_____

Before WOLLMAN, Chief Judge, BEAM, and HANSEN, Circuit Judges.

_____

BEAM, Circuit Judge.

Blackbird Sheridan, an enrolled member of the Omaha Tribe of Nebraska, pled guilty to sexual abuse of a minor child more than four years younger than himself within an Indian reservation, in violation of 18 U.S.C. §§ 2243(a) and 1153. In addition to assigning Sheridan a criminal history category of I and a two-level downward adjustment for acceptance of responsibility, the district court further departed downward because the Sentencing Guidelines did not adequately account for the conduct involved and because Sheridan had a "generally minimal criminal history." The government appeals, contending the court based the departure on

improper grounds. Because we find the bases for departure improper, we remand for resentencing.

At sentencing, Sheridan moved for downward departure based upon his acceptance of responsibility and the aberrational nature of this offense as compared to his prior criminal history. In response, the prosecutor indicated that Sheridan had not come forward until after the victim reported the crime, which the latter did only "because he had chlamydia and had to explain chlamydia to his parents and how he obtained it." At least initially, the court seemed concerned with the prosecutor's insinuation that the victim had contracted the disease from Sheridan because the record did not support that assertion. The court was also wary of the victim's credibility because, although he incriminated Sheridan to explain his medical condition, in his version of what took place, he could not have contracted the disease from Sheridan. However, the court ultimately concluded:

> Based on the fact that the victim has chlamydia, which generally is a sexually-transmitted disease that results from contact with another individual that has chlamydia, and is generally more often the case than not an individual that has had a number of sexual encounters with various partners, thus develops the disease, I think that the victim in this case, although he does need to be protected, is in certainly a different category than a consensual act between two people where there isn't a pattern or history of sexual contact at least by the victim.
>
> So I believe that the sentencing guidelines don't adequately take into account the conduct that was involved here.

We review a district court's departure decisions for abuse of discretion. United States v. Allery, 175 F.3d 610, 613 (8th Cir. 1999). In most cases, we give substantial deference to such decisions. Id.

A mitigating factor that the guidelines do not specifically approve will sustain a downward departure if, given the facts of the particular case, the factor makes the case sufficiently atypical–that is, one that takes the case out of the "heartland" of usual cases. Koon v. United States, 518 U.S. 81, 94, 99-100 (1996); Allery, 175 F.3d at 613. The guidelines provide some direction in that they include a non-exhaustive list of encouraged and discouraged bases for departure. Koon, 518 U.S. at 94. A court may depart based on an encouraged factor if the applicable guideline does not already take such factor into account. Id. at 96. If the guideline has already taken into account the encouraged factor, or if the factor is discouraged, the court should depart "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." Id. In contrast, if the factor is unmentioned in the guidelines, the court must first consider the "'structure and theory of both relevant individual guidelines and the Guidelines taken as a whole,'" in order to "decide whether [the unmentioned factor] is sufficient to take the case out of the Guideline's heartland," bearing in mind that departures based on grounds not included in the guidelines will be "'highly infrequent.'" Id. (citations omitted); accord Allery, 175 F.3d at 613.

In this case, it is unclear whether the district court was suggesting that the victim was promiscuous and, therefore, that one could infer he seduced Sheridan, or that the victim's promiscuity placed him less in need of the protection afforded by the statute and complementary guidelines. Whatever its logic, the court found that the facts were sufficient to thrust the case outside of the guidelines' heartland. However, we find neither interpretation sufficient to sustain a downward departure.

Section 2A3.2 of the guidelines sets the base offense level for "Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape)." In many scenarios, victim provocation or misconduct is "an example of an encouraged downward departure factor." Koon, 518 U.S. at 94; see also id. at 101 (interpreting U.S. Sentencing Guidelines Manual [hereinafter U.S.S.G.] § 5K2.10 (1995)).

However, "[v]ictim misconduct ordinarily would not be sufficient to warrant application of [section 5K2.10] in the context of" section 2A3 criminal sexual abuse. U.S.S.G. § 5K2.10 (2000); c.f. Allery, 175 F.3d at 612-13 (distinguishing sufficient from insufficient grounds for departure, in part, based on specific approval, or lack thereof, of the grounds in a guidelines policy statement). Furthermore, because "section [2A3.2 of the guidelines] applies to consensual sexual acts prosecuted under 18 U.S.C. § 2243(a) that would be lawful but for the age of the victim," it already adequately takes into account a victim's willingness to engage in the act. U.S.S.G. § 2A3.2 cmt. background; see also Sexual Abuse Act, Pub. L. No. 99-654, 1986 U.S.C.C.A.N. (100 Stat. 3660) 6196 ( stating that section 2243 "applies to behavior that the participants voluntarily and willingly engage in").

Here, the record does not support finding the victim's condition or actions to be exceptional, if even relevant, so as to extract the case from the ordinary. Cf. Allery, 175 F.3d at 613 (finding that, based on the "highly unusual factual circumstances" of the case, the court did not abuse its discretion in finding the case "lay outside the heartland of those cases for which the" applicable guideline was intended). The victim's sexually transmitted disease–whether contracted before or after this offense–has nothing to do with the offense for which Sheridan was sentenced. We refuse to place under the rubric of "misconduct" the contraction of a sexually transmitted disease, and we in no way see how such a malady can lead to the conclusion that the victim provoked the encounter.

If we interpret the district court's comments as suggesting the victim's promiscuity somehow diminished his need for protection, we still find no justification for the departure. No such factor is mentioned in the guidelines. We therefore consider the structure and theory of the relevant individual guidelines and the guidelines taken as a whole to determine whether a juvenile victim's sexual history is sufficient to take the case out of the heartland.

At issue in <u>Koon</u> were downward departures for law enforcement officers who had been convicted of criminally violating an arrestee's civil rights. 518 U.S. at 87-88, 101. Relying in part on section 5K2.10's policy statement regarding a victim's wrongful conduct, the Court concluded that the victim's flight from police, resisting arrest, attempted escape, and original criminal infraction provided an acceptable basis on which to depart.[1] <u>Id.</u> at 86, 101-02, 104. There, the statute under which the defendants were convicted was "unusual for its application in so many varied circumstances," just as the applicable guideline range accounted for a variety of scenarios. <u>Id.</u> at 101, 105. Therefore, the heartland of the applicable guideline fluctuated depending on the defendant's conduct and, consequently, the district court did not abuse its discretion when it differentiated between classes of cases in departing downward. <u>Id.</u>

However, "[m]ost Guidelines prescribe punishment for a single discrete statutory offense or a few similar statutory offenses with rather predictable fact patterns." <u>Id.</u> at 101. In <u>Koon</u>, the Court indicated that if the pertinent guideline had covered punishment for only one type of case, it likely would have been a close question whether the victim's actions would have sufficed to take the case out of the heartland. <u>Id.</u> at 105.

Here, the heartland is not as fluid as in <u>Koon</u>. Although the sexual abuse statutory provisions and guidelines as a whole cover varied circumstances, they delineate under separate provisions the various circumstances pertinent to each offense, unlike the umbrella statute at issue in <u>Koon</u>. <u>Compare</u> 18 U.S.C. §§ 2241-45, <u>with</u> 18 U.S.C. § 242; <u>see</u> 1986 U.S.C.C.A.N. 6197 (explaining that the section a defendant should be charged under depends on the presence or absence of various

_____

[1]While in <u>Koon</u> the Court was analyzing the effect of a victim's misconduct, a mentioned factor, on a defendant's downward departure, the Court's analysis provides some guidance in considering the structure and theory of the applicable guidelines and the guidelines as a whole.

factors).  It is clear that we cannot preclude, as a matter of law, consideration of a factor that the guidelines do not specifically prohibit.  <u>Koon</u>, 518 U.S. at 106-07.  However, the guidelines reveal no hint that a victim's venereal health or sexual history is a proper basis for departure, nor that the heartland consists of the statutory rape of a *chaste* minor.  Indeed, the underlying statute "is intended to reach older, mature persons who take advantage of younger, immature persons, but not to reach sexual activity between persons of comparable age."  1986 U.S.C.C.A.N. at 6196.  That the victim has otherwise been taken advantage of by other older persons, or has had sexual relations with other persons of ages comparable to his own, has no bearing on Sheridan's offense and sentence.  The legal or illegal actions of others do not make this case so exceptional as to wrest it from the heartland.

Finally, a defendant's absence of criminal history does not provide a basis for a downward departure.  <u>Allery</u>, 175 F.3d at 614.  "[A] departure below the lower limit of the guideline range for Criminal History Category I on the  basis of the adequacy of criminal history cannot be appropriate" because this category is set for a first-time offender.  U.S.S.G.  § 4A1.3.  And, although sufficiently unusual post-offense rehabilitation that occurs before sentencing may take a case out of the guidelines' heartland for downward departure purposes, a defendant's mere failure to break the law after his conviction does not.  <u>Allery</u>, 175 F.3d at 614.  The court, therefore, abused its discretion when it departed from the guidelines based on Sheridan's minimal criminal history.

For these reasons, we remand for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.