# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2859

_____

United States of America,                *

                                  *

          Appellee,          *

                                  *   Appeal from the United States

     v.                     *   District Court for the District

                                  *   of North Dakota.

Cuthbert Rory Flynn Fox, III,    *

                                  *        [UNPUBLISHED]

          Appellant.       *

_____

Submitted: February 17, 2005
Filed: April 5, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit
Judges.

_____

PER CURIAM.

Cuthbert Fox, III, appeals from his conviction and sentence on three counts of aggravated sexual abuse by the use of force, *see* 18 U.S.C. §§ 1153, 2241(a)(1), and three counts of abusive sexual contact (one count of which alleged the use of force), *see* 18 U.S.C. §§ 1153, 2244(a)(1), (a)(2). We affirm.

Mr. Fox argues that the district court[1] erred by refusing to sever the counts against him, which would have resulted in three separate trials. Although Mr. Fox

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

moved to sever the counts before the trial began, he did not renew his motion once the trial was underway or after it ended. As a result, he forfeited his right to appeal the denial of the severance motion. *See United States v. Worthon*, 315 F.3d 980, 983 (8th Cir. 2003); *United States v. Pelton*, 578 F.2d 701, 711 (8th Cir. 1978), *cert. denied*, 439 U.S. 964 (1978).

Mr. Fox also contends that the district court should have granted his motion for a judgment of acquittal on the counts in which force was an element because the government failed to offer sufficient evidence of force. As used in the statutes under which Mr. Fox was convicted, force includes " 'the use of such physical force as is sufficient to overcome, restrain, or injure a person,' " *United States v. Allery*, 139 F.3d 609, 611 (8th Cir. 1998), *cert. denied*, 524 U.S. 962 (1998) (quoting *United States v. Fire Thunder*, 908 F.2d 272, 274 (8th Cir. 1990)). The first complaining witness in this case testified that she had to push and struggle to free herself from Mr. Fox, who "crawled on top of [her]" while attempting to have sexual intercourse. The next complaining witness said that Mr. Fox grabbed her wrists and upper arms as she struggled to flee from him; she fled but only after Mr. Fox had chased her around her apartment. She testified that her arms were bruised as a result of the incident. The third and final complaining witness recalled that Mr. Fox grabbed her, pushed her onto his bed, forced one of her arms behind her back, and held her other arm. In the face of such evidence, we cannot say that "no reasonable jury could have concluded that the defendant was guilty beyond a reasonable doubt" of using force. *United States v. Jimenez-Villasenor*, 270 F.3d 554, 558 (8th Cir. 2001); *see Allery*, 139 F.3d at 611-12.

Affirmed.

_____