# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3139

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Emory James Zastrow, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 15, 2008
Filed: July 23, 2008

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Emory James Zastrow (Zastrow) pled guilty to one count of producing child pornography, in violation of 18 U.S.C. § 2251. The district court[1] imposed a sentence of 240 months imprisonment. Zastrow appeals his sentence claiming the sentence is unreasonable. We affirm.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

## I.    BACKGROUND

Neither party challenges the facts leading to Zastrow's guilty plea nor do they dispute Zastrow's advisory Sentencing Guidelines range.  The only argument is whether Zastrow's sentence is reasonable.  We briefly state the relevant facts.

Zastrow, age seventy-three, was charged with two counts of sexual exploitation of a child by persuading, enticing, or coercing the minor child to engage in sexually explicit conduct for the purpose of producing visual depictions (photographs).  The sexual exploitation began before the victim's eighth birthday.  The victim was a family friend of Zastrow, and Zastrow occasionally provided after school care for the victim.  A police search of Zastrow's home revealed five sexually explicit photographs of the victim which were taken in 2005 and 2006.  Zastrow pled guilty to one count of the indictment.  The second count was dismissed.  The plea agreement included a paragraph indicating Zastrow acknowledged the statutory maximum and mandatory minimum penalties for his conviction. Zastrow also knew the district court would consult the advisory Sentencing Guidelines, but was not bound by the Guidelines.

Zastrow's presentence investigation report (PSR) reflected an adjusted total offense level of 37 and a criminal history category of I.  Zastrow's advisory Guidelines range was 210 to 262 months imprisonment, and his mandatory minimum sentence was 180 months imprisonment.  The district court adopted the PSR's recommended advisory Sentencing Guidelines range and sentenced Zastrow to 240 months imprisonment.

## II.    DISCUSSION

"On appeal, we will review a sentence for an abuse of discretion, giving due deference to the district court's decision." United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008) (citing Gall v. United States, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007) and Rita v. United States, 551 U.S. __, __, 127 S. Ct. 2456, 2465 (2007)).

"First, we will ensure that the district court did not commit a significant procedural error, such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain why a sentence was chosen." Id. (citing Gall, 552 U.S. at __, 128 S. Ct. at 597). "If the district court's decision is procedurally sound, then we will consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard." Id. "A mechanical recitation of the § 3553(a) factors is unnecessary, however, particularly when a judge elects simply to apply the advisory guideline range to a particular case." United States v. Todd, 521 F.3d 891, 897 (8th Cir. 2008) (citing United States v. Otterson, 506 F.3d 1098, 1100 (8th Cir. 2007)); see also Rita, 551 U.S. at __, 127 S. Ct. at 2468-69. "In that situation, a lengthy explanation is not necessarily required, because '[c]ircumstances may well make clear that the judge rests [her] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before [her] is typical.'" Todd, 521 F.3d at 897 (quoting Rita, 551 U.S. at __, 127 S. Ct. at 2468). "A district court's application of the advisory guidelines is reviewed de novo, while findings of fact are reviewed for clear error." United States v. Whiting, 522 F.3d 845, 849 (8th Cir. 2008) (citation omitted).

Zastrow contends the district court failed to abide by the requirement of § 3553(a) that his sentence be "sufficient, but not greater than necessary to comply with the purposes" of sentencing. In making this argument, Zastrow claims the district court gave insufficient consideration to his physical condition, age of seventy-three years, medical problems of high blood pressure and arthritis, inability to stand for more than 20 minutes at the time, remorse and lack of criminal history. However, "[w]here, as here, the sentence imposed is within the advisory guideline range, we accord it a presumption of reasonableness." United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (relying on Rita, 551 U.S. at __, 127 S. Ct. at 2462-63 and United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005)). "That the Sentencing

Commission and the district court both believed that [a sentence of 240 months imprisonment] was appropriate makes it likely that the sentence is reasonable in the 'mine run of cases,' and that it reflects the 'not greater than necessary' requirement of § 3553(a)(2)." Id. (quoting Rita, 551 U.S. at __, 127 S. Ct. at 2465, 2467).

The record indicates the district court considered Zastrow's age and medical condition. The district court, on Zastrow's request, recommended to the Bureau of Prisons that Zastrow serve his sentence in a facility near his family and where his medical needs could be properly monitored. See United States v. Farrington, 499 F.3d 854, 862 (8th Cir. 2007) (stating, "[t]he court also accounted for [defendant's] health concerns when it recommended to the Bureau of Prisons that [defendant] serve his sentence at a facility that could properly monitor his medical needs." (citing Rita, 551 U.S. at __, 127 S. Ct. at 2470)). The record also demonstrates the district court considered Zastrow's lack of criminal history because the court, in arriving at Zastrow's Sentencing Guidelines range, took into consideration Zastrow's criminal history category of I. A first time offender falls into criminal history category I. See United States v. Sheridan, 270 F.3d 669, 673 (8th Cir. 2001) ("[C]ategory [I] . . . is set for a first-time offender." (citation omitted)). Lastly, the court reduced Zastrow's offense level for acceptance of responsibility indicating the court took into account Zastrow's remorse. See United States v. Spurlock, 495 F.3d 1011, 1015 (8th Cir. 2007) (explaining, "the timeliness of a defendant's acceptance of responsibility is a measure of his true contrition and remorse for the criminal conduct." (citations omitted)).

Zastrow has not identified evidence in the record indicating the district court committed a procedural error (such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately why a sentence was chosen). Thus, the district court's sentence is procedurally sound.

Giving deference to the district court's decision, we find the district court's sentence of 240 months is not unreasonable and is not an abuse of discretion. The mere fact that Zastrow believes he should have received the mandatory minimum sentence of 180 months is not, in itself, a sufficient ground for reversal. See Braggs, 511 F.3d at 812 ("Reversal is not justified on grounds that we could reasonably conclude that a different sentence was appropriate." (citing Gall, 552 U.S. at __, 128 S. Ct. at 597)).

## III.  CONCLUSION

Based on the foregoing, we affirm the judgment of the district court.

_____