

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2008

# USA v. Jacobs

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3135

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Jacobs" (2008). *2008 Decisions.* Paper 505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3135
_____

UNITED STATES OF AMERICA


v.

MARK JACOBS,

　　　　　　　　　　　　　　　　　　　Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00313-03)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
September 11, 2008

Before: SLOVITER, FUENTES, and ALDISERT, Circuit Judges.

(Opinion Filed: September 23, 2008)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

　　　　Mark Jacobs appeals the reimposition of his original 404 month sentence after his

case was remanded by the Supreme Court for resentencing in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005). He asserts that the District Court unreasonably trivialized evidence of his post-conviction rehabilitation and failed to consider its ramifications for his risk of recidivism under 18 U.S.C. § 3553(a). He also charges that the sentence was substantively unreasonable. Because we find these arguments to be without merit, we will affirm.

In January 2000, Jacobs entered open guilty pleas to fourteen counts relating to his extensive participation in a conspiracy to distribute cocaine and cocaine base, including a charge of possession of a firearm in furtherance of a drug trafficking crime. He had no previous convictions. On August 29, 2001, he was sentenced to 344 months' imprisonment for the drug trafficking offenses and a consecutive 60 months' imprisonment for the firearms offense. The total sentence of 404 months was within the relevant Sentencing Guidelines range of 324 to 405 months. Jacobs's sentence was affirmed on appeal, but the case was remanded by the Supreme Court for resentencing under <u>Booker</u>.

At the resentencing hearing, Jacobs primarily presented evidence of his post-conviction rehabilitation, including his progress in paying the fines assessed as part of his sentence, his lack of disciplinary infractions in prison, his reportedly good behavior overall, his successful pursuit of a G.E.D., and his diligent work with the heating, ventilation, and air conditioning detail at the prison to develop marketable job skills.

In response to the evidence of Jacobs' changed behavior, the District Court stated:

> The difficulty in your circumstances is that it had to take prison to make these changes in you. You had opportunities that were presented to you outside, like to get your high school diploma, your GED, but you shut that down while you were out in the Street. You were into making money. You were selling crack cocaine. It was a big hustle. You were living large. . . .

> Don't get me wrong, I appreciate the efforts that you have made since you've been in prison . . . . But, like I said, it's unfortunate that you didn't take these opportunities when you had the freedom out there on the Street.

App. 14-16. The judge found that the original sentence of 404 months' incarceration was still appropriate, noting:

> I considered the totality of the person who appeared before me today, but I can't erase the significant involvement that you had in the events that brought you here to this Court. . . . [The previous sentence] was an appropriate sentence pursuant to your involvement in the crimes charged, and the significant effect these crimes have had on the community. To sentence you to a lesser sentence . . . would depreciate the seriousness of the offense.

App. 22-23.

"The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). Those factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence "to reflect the seriousness of the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). The above excerpts from the record make it clear that the District Court seriously considered Jacobs' post-conviction rehabilitation within the framework of these factors and simply found it

-3-

to be outweighed by the significance of his offense conduct.

In light of the deference given to a trial court judge's application of the § 3553(a) factors, especially a judge who has imposed (or re-imposed) a sentence within the Guidelines range, this conclusion represented a substantively reasonable balancing of the statutory factors. Cooper, 473 F.3d at 330-31. This court has expressed its view that "a court, except in unusual cases, should consider only conduct and circumstances in existence at the time of the original sentencing when it resentences following a Booker remand." United States v. Lloyd, 469 F.3d 319, 325 (3d Cir. 2006). We agree with the District Court that Jacobs' post-conviction rehabilitation, while commendable, was not exceptional enough to justify a reduction in his sentence when other federal prisoners have behaved equally well yet have not had the opportunity to seek resentencing. See id. at 325 ("After all, an approach permitting a defendant's post-sentencing rehabilitation efforts to impact on a resentence 'would unfairly disadvantage defendants who were ineligible for re-sentencing and therefore had no opportunity to bring their rehabilitative efforts before the sentencing court.'") (citation omitted).

As for Jacobs' status as a first-time offender, that variable is already implicitly included in the calculation of the Sentencing Guidelines range by considering a defendant's criminal history category. In correctly computing the Guidelines range here, which Jacobs has not challenged, the District Court sufficiently took account of Jacobs' lack of a criminal history. See United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006)

("[A] court [need not] discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."); cf. United States v. Zastrow, 534 F.3d 854 (8th Cir. 2008) (finding that district court had considered defendant's clean criminal record because it had correctly used criminal history Category I, for first-time offenders, in arriving at Guidelines range).

For the foregoing reasons, the judgment of sentence will be affirmed.