# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2097

_____

United States of America,           *
                                       *
        Appellee,               *
                                       *    Appeal from the United States
     v.                       *    District Court for the
                                       *    Northern District of Iowa.
Daniel Eric Beenen,          *
                                       *    [UNPUBLISHED]
        Appellant.           *

_____

Submitted: September 22, 2008
Filed: December 31, 2008

_____

Before BYE, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

     Daniel Eric Beenen appeals his sentence after pleading guilty to four charges involving the receipt and possession of child pornography. In calculating Beenen's offense level under the United States Sentencing Guidelines (U.S.S.G.), the district court[1] imposed several enhancements, including a four-level increase for possessing materials with sadistic, masochistic or violent content and a five-level increase for engaging in a pattern of sexual abuse or exploitation of a minor. See U.S.S.G. §§

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

2G2.2(b)(4) & (b)(5). After determining that Beenen's advisory Guidelines range was 210-262 months' imprisonment, the district court imposed the statutory maximum sentence available for each offense: 240 months' imprisonment on Count 1, and three terms of 120 months' each on Counts 2-4, to run concurrently with the sentence imposed on Count 1. On appeal, Beenen contests the two enhancements and challenges his sentence as substantively unreasonable.

We review the district court's application and interpretation of the Guidelines de novo, while findings of fact are reviewed for clear error. United States v. Johnston, 533 F.3d 972, 976 (8th Cir. 2008). Applying those standards, we have no hesitation in concluding that the district court properly assessed the four-level enhancement for possessing "material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.2(b)(4). Because the Guidelines do not define the terms "sadistic," "masochistic," or "depictions of violence," their ordinary meanings guide our review. United States v. Parker, 267 F.3d 839, 847 (8th Cir. 2001). Suffice it to say that in this case, we are satisfied that certain images Beenen possessed fall within the ordinary meaning of at least some of those terms. E.g., id. ("Given the plain meaning of 'violence,' it is difficult to imagine that the sexual penetration with a foreign object of a minor female would not qualify.").

We likewise conclude that the district court properly assessed the five-level increase for engaging in a pattern of sexual abuse or exploitation of a minor. U.S.S.G. § 2G2.2(b)(5). That enhancement is warranted where a defendant has engaged in two or more instances of sexual abuse or exploitation of a minor, whether or not the incidents occurred during the course of the instant offense, involved the same minor, or resulted in a conviction. Id. § 2G2.2(b)(5), cmt. n.1. At Beenen's sentencing hearing, his twenty-five-year-old nephew, M.S., testified at length about the many instances of sexual abuse he suffered at his uncle's hands during his preteen and early teenage years. The district court found M.S. to be a very credible witness, notwithstanding the fact that certain details of his story were contradicted by other

witnesses.  The court also opined that the passage of time might account for the witnesses' differing recollections of those details.  On appeal, Beenen urges us to discount M.S.'s testimony because of those same discrepancies, and to conclude that the enhancement is lacking in evidentiary support.  We decline to do so.  As we have often remarked, "'credibility findings are well-nigh unreviewable, so long as the findings are not internally inconsistent or based on testimony that is incoherent, implausible, or contradicted by *objective* evidence in the case.'"  Johnston, 533 F.3d at 976 (emphasis added) (quoting United States v. Jones, 254 F.3d 692, 695 (8th Cir. 2001)).  As the district court's finding with regard to M.S.'s credibility suffers from no such deficiencies, this case is no exception.  And in light of that testimony, the district court did not clearly err in finding that Beenen engaged in a pattern of sexual abuse or exploitation of a minor within the meaning of section 2G2.2(b)(5).

Finally, Beenen argues that his 240-month sentence is unreasonable and that a downward variance was warranted based on his community involvement, familial obligations, lack of criminal history and other circumstances.  We review the substantive reasonableness of a sentence for an abuse of discretion, and accord a presumption of reasonableness to a sentence within the advisory range.  United States v. Zastrow, 534 F.3d 854, 855-56 (8th Cir. 2008).  Here, we find nothing in Beenen's arguments to rebut that presumption.  See United States v. Peck, 496 F.3d 885, 891 (8th Cir. 2007) (describing the showing required to rebut the presumption), cert. denied, 128 S. Ct. 1271 (2008).  While the circumstances cited by Beenen indicate that another sentence might also have been reasonable in this case, it does not follow that the sentence he actually received is *unreasonable*.  The record reflects that the district court considered the parties' arguments, carefully weighed the relevant sentencing factors delineated in 18 U.S.C. § 3553(a), and gave detailed reasons for

selecting this sentence from the range of permissible alternatives.  As such, we conclude that Beenen's 240-month sentence is within the bounds of the district court's considerable sentencing discretion.

For the foregoing reasons, the judgment of the district court is affirmed.

_____