# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2560

_____

United States of America,

        Appellee,

v.

Vondra D. Alexander,

        Appellant.

_____

No. 09-2744

_____

United States of America,

        Appellee,

v.

Sharon L. Alexander,

        Appellant.

Appeals from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: March 8, 2010
Filed:  March 15, 2010

_____

Before BYE, ARNOLD, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Sharon and Vondra Alexander appeal the respective 61-month and 43-month sentences they received for conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349. Vondra Alexander argues the district court[1] erred by imposing an excessive sentence relative to others involved in the case and by failing to consider mitigating circumstances. Sharon Alexander contends the court erred by failing to properly weigh factors justifying a variance such as her mental and physical health and her family responsibilities. We affirm.

The facts underlying this appeal are more fully stated in the Alexanders' previous appeal, United States v. Alexander, 556 F.3d 890 (8th Cir. 2009). Sharon and Vondra Alexander, who are sisters, were indicted along with ten others on multiple charges in connection with stealing and passing stolen checks. Sharon and Vondra each pleaded guilty to conspiracy to commit bank fraud and the government moved to dismiss the remaining charges against them. The district court sentenced Vondra to 63 months of incarceration and Sharon to 87 months of incarceration, each at the bottom of their respective Guidelines ranges. On appeal, this Court vacated the sentences and remanded because the district court committed plain error by applying a presumption of reasonableness to the advisory Guidelines. Alexander, 556 F.3d at 893-894. On remand, the district court gave Vondra and Sharon each a 30 percent downward variance from the Guidelines, resulting in a sentence of 43 months of incarceration for Vondra and 61 months of incarceration for Sharon.

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

We conclude the district court did not abuse its discretion by rejecting the additional grounds for variances proposed by the Alexanders. United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008) (setting forth the standard of review). The district court did not commit any significant procedural error because it properly calculated the Guidelines ranges and weighed the sentencing factors under 18 U.S.C. § 3553(a). United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). In Vondra's case, we reject the assertion the district court ignored the facts of the case in imposing an excessive sentence relative to others and failed to consider mitigating factors. The court stated it found the disparity among the sentences to be a compelling factor, and accordingly it granted a 30 percent downward variance for both Vondra and Sharon. The court justified the remaining disparity in sentences as being a result of Vondra and Sharon's roles in the offense, their offense levels and criminal histories, and the enhancements they received. The court also referred to the original sentencing hearing, at which it considered Vondra's caretaking role in her family as a mitigating factor. However, the court determined Vondra's caretaking role did not justify an additional variance. These are precisely the type of defendant-specific determinations more appropriately suited for the sentencing court, and we find no procedural error in the court's analysis. United States v. White, 506 F.3d 635, 644 (8th Cir. 2007) ("In reviewing whether the district court's variance fell outside the range of choice dictated by the facts of the case, we are mindful of the fact that the sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Sentencing Commission or the appeals court.").

Similarly, we reject Sharon's argument regarding the district court's improper weighing of her physical and mental health condition and her family responsibilities. Under 18 U.S.C. § 3553(a)(1), courts are required to consider "the history and characteristics of the defendant," including consideration of a defendant's medical condition. Id. at 644. We cannot conclude the district court abused its discretion in weighing Sharon's health condition and family responsibilities. To the contrary, the court was presented with extensive information including testimony from Sharon and

her daughter indicating the nature of Sharon's health issues and family responsibilities. The court acknowledged the genuine nature of Sharon's health problems. See United States v. Wahlstrom, 588 F.3d 538, 547 (8th Cir. 2009) (rejecting the claim the district court abused its discretion in weighing the defendant's background where the court was presented with extensive information and acknowledged the defendant's personal history). The record indicates the court considered the appropriate factors and provided adequate justification for granting a 30 percent downward variance. White, 506 F.3d at 648. Giving deference to the district court's determination, we find the sentences of 43 months of incarceration for Vondra Alexander and 61 months of incarceration for Sharon Alexander are not unreasonable and are not an abuse of discretion. Zastrow, 534 F.3d at 856.

Accordingly, we affirm the judgment of the district court.

_____