NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2353
_____

UNITED STATES OF AMERICA

v.

DONALD ORGOVAN, JR.,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-08-cr-00072-001)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2010

Before:  FISHER, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: April 22, 2010 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Donald Orgovan, Jr., appeals his conviction and sentence for possession of

firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  We

will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In September 2005, Pennsylvania police officers executed a search warrant at Orgovan's home. At the foot of the bed in Orgovan's bedroom, they found a duffel bag containing several plastic baggies full of cocaine as well as other baggies, a bag sealer, spoons, a utility knife, a scale, a 200-gram weight, an electronic scale, and a notebook with names, dates and monetary figures. The officers also found two semiautomatic firearms, both registered to Orgovan, with live rounds and loaded magazines. One was found atop one of the posts of the bed's canopy, the other inside a compartment in the bed's headboard. Neither firearm's trigger lock was activated and neither firearm was secured in a case.

In February 2008, Orgovan was indicted on one count of possession with intent to distribute 500 grams or more of cocaine in violation of 18 U.S.C. § 841(a)(1) and one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Orgovan pled guilty to the former charge but submitted to a bench trial on the latter. The District Court found Orgovan guilty of the § 924(c) offense. The Court thereafter sentenced Orgovan to a total of 181 months in prison, consisting of

consecutive terms of 121 months for the § 841(a)(1) offense and 60 months for the § 924(c) offense. This timely appeal followed.[1]

II.

Orgovan mounts two attacks on his conviction and one on his sentence. We address his arguments in turn.

## A.     Constitutional Violation

Orgovan contends that the District Court violated his Fifth and Sixth Amendment rights when it made the following factual finding: "On September 2, 2005, law enforcement agents executed a search warrant at the residence of Defendant and his paramour. The warrant set forth facts establishing probable cause to believe that Defendant was selling cocaine from this residence." (App. 1.) Orgovan points out that the government did not introduce into evidence either the warrant or the affidavit of probable cause and that no witness testified about either's contents. In his view, because the record is bare of any evidence that he was dealing cocaine from his home, the District Court in essence made a factual finding based on extra-record elements. Our review of the District Court's factual findings following a bench trial in a criminal case is for clear error. *United States v. Delerme*, 457 F.2d 156, 160 (3d Cir. 1972).

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Orgovan misframes the District Court's finding. The District Court did not find that Orgovan was dealing cocaine from his home based on the warrant or the affidavit. Rather, the Court made a finding only as to the existence of the warrant and the affidavit as well as the execution of the warrant. At trial, there was testimony from both Orgovan's companion and a Pennsylvania police officer about the warrant.[2] Given this testimony, we cannot say that the District Court's finding was clearly erroneous or based on evidence not presented at trial, and thus we see no constitutional violation. Even assuming the District Court made a finding not based on record evidence, that finding has no impact on Orgovan's conviction. The government had to prove only that Orgovan possessed a firearm in furtherance of a drug trafficking crime. The existence *vel non* of the search warrant and the affidavit is not an element of that crime, so the District Court's finding on this point is simply not relevant to Orgovan's guilt. Accordingly, we will not upset Orgovan's conviction on this basis.

**B.     Sufficiency of the Evidence**

Orgovan argues that the government's evidence is insufficient to sustain his § 924(c)(1) conviction.[3] We exercise plenary review over Orgovan's sufficiency

---

[2]Furthermore, Orgovan's counsel conceded at trial that the warrant was valid.

[3]Although Orgovan never moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, such a motion is unnecessary to preserve an evidentiary-sufficiency challenge after a bench trial. *See United States v. South*, 28 F.3d 619, 627 (7th Cir. 1994); *United States v. Cardenas*, 9 F.3d 1139, 1159 (5th Cir. 1993); *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) (en banc).

challenge. *United States v. Bornman*, 559 F.3d 150, 152 (3d Cir. 2009). To that end, "we examine the totality of the evidence, both direct and circumstantial, and must credit all available inferences in favor of the government." *United States v. Sparrow*, 371 F.3d 851, 852 (3d Cir. 2004) (internal quotation marks and citation omitted). We must affirm the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (emphasis and quotation omitted). Orgovan's burden "is extremely high." *United States v. Lore*, 430 F.3d 190, 203 (3d Cir. 2005) (quotation omitted).

To establish that Orgovan possessed a firearm in furtherance of a drug trafficking crime, the government had to prove that he: (1) participated in an enumerated offense; (2) possessed a firearm; and (3) that the possession was "in furtherance of" the drug trafficking crime. Orgovan's challenge is limited to the third element. "Under § 924(c), the mere presence of a gun is not enough. What is instead required is evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *Sparrow*, 371 F.3d at 853 (internal quotation marks and citations omitted). "Put another way, the evidence must demonstrate that possession of the firearm advanced or helped forward a drug trafficking crime." *Id.* (citations omitted). We consider the following nonexclusive factors to determine if the "in furtherance" element is met:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the

5

possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* (quotation and citations omitted).

On balance, these factors provide a sufficient basis to conclude that Orgovan's possession of the two firearms found in his bedroom was in furtherance of drug trafficking activities. First, Orgovan does not contest the sufficiency of the evidence as to the underlying drug offense, nor could he, as he pled guilty to possession with intent to distribute 500 grams or more of cocaine. Furthermore, officers found cocaine and drug paraphernalia in both the garbage outside Orgovan's home and in his bedroom, as well as thousands of dollars in cash in his living room. In short, the evidence shows that Orgovan was involved in significant drug dealing involving large amounts of cocaine and money. Second, Orgovan had easy access to the two firearms found in his bedroom, as neither was secured in a case and both could be reached from the bed. Third, both firearms were semiautomatic handguns; they were not collector's muskets or hunting rifles. Fourth, both firearms were loaded with live rounds and were ready to fire. Fifth, both firearms were found not only in the same room as, but in close proximity to, cocaine, thousands of dollars in cash, drug paraphernalia and live ammunition. While there is no indication that Orgovan's mere possession of the firearms was unlawful, no single factor is dispositive. *See id.* at 853. Accordingly, because there was ample evidence from which the District

6

Court could conclude that the "in furtherance" requirement was satisfied, we reject Orgovan's evidentiary-sufficiency challenge.[4]

### C. Sentencing

At sentencing, the District Court accepted the Presentence Investigation Report's ("PSR") total offense level calculation of 32 and criminal history category of I, which yielded an advisory Guidelines range of 121 to 151 months for Orgovan's § 841(a)(1) conviction. That range, combined with the mandatory minimum of sixty months for Orgovan's § 924(c) conviction, produced a range of 181 to 211 months in prison. The District Court sentenced Orgovan to 181 months in prison, the Guidelines minimum. Orgovan's main argument is that the District Court did not adequately consider the 18 U.S.C. § 3553(a) factors even though he asked the District Court to consider his nature and character, his family ties, his promise to become a productive member of society, and his status as a first-time offender.[5]

---

[4]We likewise reject Orgovan's contention that his conviction must be vacated because of the government's alleged failure to present evidence that any actual drug dealing occurred at his home, as the government did not need to prove as much. Rather, the government had to prove only that Orgovan possessed a firearm and that his possession was in furtherance of a drug offense. The government met that burden.

[5]Orgovan raises two additional challenges to his sentence that warrant only brief mention. First, he asserts that the District Court's Guidelines calculation was wrong. He did not, however, call that purportedly incorrect calculation to the District Court's attention. Indeed, after reviewing the Probation Office's Guidelines calculation, Orgovan filed a document with the District Court stating that he "has no objection to the guideline calculation in the [PSR]." (App. 152.) As a consequence, we review for plain error. *United States v. Pardo*, 25 F.3d 1187, 1193 (3d Cir. 1994). The District Court correctly calculated Orgovan's Guidelines range as 121 to 151 months for the § 841(a)(1)

We review a sentence for reasonableness under an abuse-of-discretion standard. *United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). While a sentencing court must give "meaningful consideration to the § 3553(a) factors[,]" the court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (citations omitted).

In this case, the PSR detailed Orgovan's history and characteristics, including details about his years-long relationship with and engagement to his girlfriend as well as information about his two young children. It also provided information about his criminal history, employment record, and educational background. The District Court reviewed the PSR before sentencing and noted that neither party objected to it on any ground. After hearing at length from both Orgovan and his counsel and considering several letters

conviction and simply added the mandatory minimum of sixty months for the § 924(c) conviction, for a total range of 181 to 211 months. We see no error, plain or otherwise, in that calculation.

Second, Orgovan argues that remand is required because the District Court, in his view, "applied a presumption of reasonableness to the guidelines range." (Appellant's Br. 44 n.9.) Orgovan relies on the Court's statement during his plea colloquy that it could sentence him outside the Guidelines range "for good reason." (App. 37.) Orgovan's isolation of that phrase is unavailing. The District Court uttered that phrase well before the sentencing hearing, and thus it does not necessarily indicate whether the Court applied a presumption of reasonableness to the Guidelines when it actually sentenced Orgovan. Moreover, the Court, both during the plea colloquy and elsewhere, referred several times to the Guidelines' merely advisory status.

of support submitted on Orgovan's behalf, the Court imposed a sentence that, in its view, was "consistent with the nature, circumstances, and seriousness[] of [Orgovan's] offenses, and [his] history, characteristics, educational, vocational, and corrective needs, as well as the need for just, non-disparate punishment, deterrence, and protection of the public." (App. 166.) The Court selected that sentence "[a]fter considering the sentences available, the advisory Guideline range and the factors set forth in Title 18 of the United State Code, Section 3553[.]" (*Id.*) In light of these considerations, the Court ordered Orgovan to be "imprisoned for a term[] of one hundred twenty-one months at Count One and a term of sixty months at Count Two, to be served consecutively." (*Id.* at 162.) That sentence fell at the very bottom of Orgovan's Guidelines range and, in light of the whole record, we see no error in the way the District Court selected it simply because the Court did not ascribe to Orgovan's history and characteristics the weight he would have preferred. *Cf. United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) ("[A] district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable." (citations omitted)). Similarly, the District Court adequately accounted for Orgovan's status as a first-time offender when it properly calculated his Guidelines range based on a criminal history category of I. *Cf. United States v. Zastrow*, 534 F.3d 854, 856 (8th Cir. 2008) ("The record . . . demonstrates the district court considered Zastrow's lack of criminal history because the court, in arriving at Zastrow's Sentencing Guidelines range, took into consideration

9

Zastrow's criminal history category of I."). In short, the record more than adequately permits us to infer that the District Court gave meaningful consideration to the § 3553(a) factors. *See Rita v. United States*, 551 U.S. 338, 358 (2007) (finding "the sentencing judge's statement of reasons . . . brief but legally sufficient"); *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) (finding no procedural error despite the district court's "scant" discussion of the § 3553(a) factors); *cf. United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (finding procedural error where the record was "too sparse" and the sentencing court's statement was "devoid of substantive content").

III.

For the foregoing reasons, we will affirm the District Court's judgment of conviction and sentence.