# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2125

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| William Colwell McNeely, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 30, 2010
Filed: October 5, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, William McNeely challenges the below-Guidelines-range sentence the district court[1] imposed following his guilty plea to one count of conspiring to commit mail and wire fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1343. Counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which he seeks to withdraw. Counsel argues that McNeely's sentence is unreasonable in light of his age and medical conditions, and because the sentence is greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a).

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

We conclude that the district court did not commit any procedural error in sentencing McNeely, and we further conclude that the court did not impose an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (in reviewing sentence for reasonableness, this court first ensures district court committed no significant procedural error, such as improperly calculating Guidelines range, treating Guidelines as mandatory, failing to consider § 3553(a) factors, sentencing based on clearly erroneous facts, or failing to adequately explain chosen sentence, then considers substantive reasonableness of sentence under abuse-of-discretion standard); see also United States v. Stults, 575 F.3d 834, 849 (8th Cir. 2009) (below-Guidelines-range sentence was not unreasonable where record reflected that district court made individualized assessment based on facts presented and specifically addressed defendant's proffered information in its consideration of sentencing factors), cert. denied, 130 S. Ct. 1309 (2010); cf. United States v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008) (within-Guidelines-range sentence of 240 months was not unreasonable where record indicated that court considered defendant's age of 73 and medical conditions of high blood pressure and arthritis).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm.

_____