# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2227

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　*　Appeals from the United States
　　　　　　　　　　　　　　　　　　*　District Court for the
　　　v.　　　　　　　　　　　　　　*　District of Minnesota.
　　　　　　　　　　　　　　　　　　*
Antoine Raymone Killing,　　　　　　*　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　　*

_____

Submitted: February 17, 2011
Filed:　May 27, 2011

_____

Before WOLLMAN and BYE, Circuit Judges, and FLEISSIG,[1] District Judge.

_____

PER CURIAM.

Antoine Killing appeals from his concurrent 140-month sentences for conspiracy to distribute 50 grams or more of cocaine base (crack cocaine) and possession with intent to distribute cocaine. He contends that the district court[2] erred in failing to consider the disparity in powder cocaine and crack cocaine sentencing and urges that we vacate his sentence and remand for resentencing in light of the recent

_____

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

enactment of the Fair Sentencing Act of 2010, Pub. L. No. 111-220 (Aug. 3, 2010). We affirm.

Because the conspiracy conviction involved 50 or more grams of crack cocaine, Killing faced a mandatory minimum sentence of 120 months' imprisonment. He had a total offense level of 28 and a criminal history of VI, resulting in an advisory range of 140 to 175 months' imprisonment under the U.S. Sentencing Guidelines (Guidelines).

In his sentencing memorandum and at sentencing, Killing argued that the district court should vary downward from the advisory range and impose the 120-month mandatory minimum sentence because the Guidelines' disparate treatment of powder cocaine and crack cocaine unfairly elevated the guidelines range. He noted that Kimbrough v. United States, 552 U.S. 85 (2007) expressly recognized the district court's discretion to vary downward on the basis of such disparity and contended that proposed legislation in Congress would lessen its unfair effects. As stated above, the district court imposed concurrent sentences of 140 months' imprisonment on each count.

Killing argues that the district court erred in failing to consider his arguments regarding the disparity between powder and crack cocaine sentences and urges that we vacate the sentence and remand the case so he may be resentenced in accordance with the Fairness in Sentencing Act. Though not identified as such, his arguments essentially allege procedural error and substantive unreasonableness.

We review appeals from sentencing decisions for abuse of discretion. United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008). We undertake a two-part inquiry. First, we ensure that the district court "did not commit significant procedural error, such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider § 3553(a) factors, selecting a sentence based on clearly

erroneous facts, or failing to adequately explain why a sentence was chosen." Id. (citation omitted). If the decision is procedurally sound, we next consider the substantive reasonableness of the sentence imposed. Id.

That the district court did not adopt Killing's proposed sentence does not mean that it ignored or was unaware of the arguments Killing made in support of his proposal. The district court recited and referred to the § 3553(a) factors and stated that it had read the sentencing memorandum that Killing had submitted on the unfairness of the powder-crack disparity, as well as the government's response thereto. Thereafter it heard arguments from Killing's counsel regarding the powder/crack sentencing disparity. After considering this argument, the district court explained that a sentence at the lower end of the guidelines range was appropriate under the relevant § 3553(a) factors. In light of this record, we are satisfied that the district court did not commit significant procedural error in proceeding as it did.

Killing's argument that the sentence is substantively unreasonable relies on retroactive application of the Fairness in Sentencing Act. This argument is foreclosed by our decision in United States v. Smith, 632 F.3d 1043, 1048-49 (8th Cir. 2011), which held that the Fairness in Sentencing Act is not retroactive. We conclude that a sentence of 140 months' imprisonment, which is at the low end of the applicable guidelines range, is substantively reasonable and that the district court did not abuse its discretion imposing it.

The judgment is affirmed.

_____