# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2362

———————

United States of America,

        Appellee,

v.

Filiberto Arizmendi-Martinez,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the District
\*  of Nebraska.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: February 13, 2012
Filed: March 12, 2012

———————

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

———————

PER CURIAM.

Filiberto Arizmendi-Martinez appeals his sentence following conviction under 8 U.S.C. § 1326 for illegal re-entry of a removed alien after an aggravated felony. Arizmendi-Martinez claims that the district court[1] erred by presuming that the advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) range was a reasonable default sentence and by imposing a substantively unreasonable sentence. Because the district court did not abuse its discretion in imposing sentence, we affirm.

———————

[1]The Honorable Joseph F. Bataillon, then Chief Judge, United States District Court for the District of Nebraska.

## I.

Arizmendi-Martinez pleaded guilty to illegal re-entry of a removed alien after an aggravated felony. At sentencing, the district court concluded—consistent with the Revised Modified Presentence Investigation Report (PSR)—that Arizmendi-Martinez's total offense level was 21, with a Criminal History Category of II, for a Guidelines range of 41 to 51 months' imprisonment. Arizmendi-Martinez did not object to the PSR or the district court's calculation of the advisory Guidelines range. While he did not formally file a motion for a downward departure or variance, Arizmendi-Martinez argued at sentencing that the Guidelines gave undue weight to his prior conviction and that the appropriate sentence under the § 3553(a) factors was 24 months' imprisonment.

The district court sentenced Arizmendi-Martinez to 40 months' imprisonment, 3 years' supervised release, and a $100 special assessment. Because Arizmendi-Martinez had spent approximately one month in the custody of the United States Immigration and Customs Enforcement agency, for which he would not receive credit for time served, the district court adjusted Arizmendi-Martinez's sentence under U.S.S.G. § 5G1.3 and sentenced Arizmendi-Martinez to a term of incarceration one month shorter than the low end of the advisory Guidelines range.

## II.

"On appeal, we will review a sentence for an abuse of discretion, giving due deference to the district court's decision." United States v. Zastrow, 534 F.3d 854, 855 (8th Cir. 2008) (quoting United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008) (citing Gall v. United States, 552 U.S. 38 (2007) and Rita v. United States, 551 U.S. 338 (2007)). In applying this standard, we first ensure that the district court made no "significant procedural error, such as miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,

selecting a sentence based on clearly erroneous facts, or failing to adequately explain why a sentence was chosen." Id. (citations omitted). Then, we review the substantive reasonableness of a sentence for abuse of discretion. United States v. Bauer, 626 F.3d 1004, 1010 (8th Cir. 2010) (citing Gall, 552 U.S. at 41).

A.

Arizmendi-Martinez argues that the district court procedurally erred by presuming that a sentence within the Guidelines range was a reasonable default sentence. He bases this argument on three comments made by the district court at sentencing concerning the brevity of the PSR and relative lack of available information to consider in imposing sentence. First, the district court noted that "[t]here's nothing in the presentence report that tells me" what Arizmendi-Martinez had been doing since his illegal return to the United States in 2009, "[a]nd without that information, it's hard for me to give him anything other than a guideline sentence." Sentencing Tr. 7. Second, the district court stated, "I don't know that there's enough information here for me to make a decision that a sentence that's outside the guideline is - - is more reasonable than a sentence within the guidelines. And for that reason, I'm sentencing Mr. Arizmendi-Martinez to a period of 41 months." Id. 15. Third, the district court clarified that "the sentencing guidelines are clearly advisory," but that "it seems to me that it serves as a reasonable basis for the Court to make a decision if it doesn't have any additional information that would make it believe that a sentence other than the guideline is appropriate." Id. 16-17.

In Nelson v. United States, 555 U.S. 350 (2009) (per curiam), the Supreme Court noted that "[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable." Id. at 352. Rather, the presumption "is an *appellate* court presumption . . . . [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Id. (quoting Rita, 551 U.S. at 351) (alteration in original). In other words,

"district judges, in considering how the various statutory sentencing factors apply to an individual defendant, 'may not presume that the Guidelines range is reasonable.'" Id. (quoting Gall, 552 U.S. at 50). Arizmendi-Martinez contends that the district court made such an improper presumption in this case.

A close reading of the sentencing transcript reveals that the district court did not presume that a sentence within the Guidelines range was reasonable. Rather, the district court considered the limited amount of information available and determined that the appropriate sentence for Arizmendi-Martinez was at the low end of the Guidelines range. The district court considered a sentence outside the Guidelines range, determined—based on consideration of the facts in the record—that a Guidelines sentence was reasonable, and noted that no information in the record suggested that a sentence outside the Guidelines range would be reasonable.

B.

Arizmendi-Martinez also claims that the district court procedurally erred by failing to consider the § 3553(a) factors. He further argues that the district court gave too much weight to the Guidelines range and insufficient weight to the remaining § 3553(a) factors, which we interpret as an argument that his sentence was substantively unreasonable.

We conclude that the district court did not abuse its discretion in imposing sentence, because we find no procedural error or anything to rebut the presumption of reasonableness that attaches to Arizmendi-Martinez's sentence. See United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (discussing substantive reasonableness); United States v. Linderman, 587 F.3d 896, 901 (8th Cir. 2009) (within Guidelines range sentence is presumed reasonable on appeal).

IV.

The judgment is affirmed.

_____