# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-1035

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Allen Schlegel

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: December 13, 2021
Filed: August 12, 2022
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.

_____

PER CURIAM.

Jeffrey Schlegel pleaded guilty to federal narcotics charges. He now challenges
his sentence of 324 months' imprisonment as substantively unreasonable and argues

that the district court[1] committed procedural error by failing to adequately consider the sentencing factors under 18 U.S.C. § 3553(a). We affirm.

## I. *Background*

From approximately December 2018 to May 2019, Schlegel distributed methamphetamine, fentanyl, acetyl fentanyl, and heroin in the Des Monies, Iowa area. Schlegel distributed approximately 1,300 grams of heroin, 50 grams of actual methamphetamine, 340 grams of methamphetamine mixture, 2.59 grams of fentanyl, and .47 grams of acetyl fentanyl. Schlegel also directed his girlfriend, a co-defendant, to sell and purchase drugs for him. Schlegel controlled a storage unit that stored methamphetamine and drug trafficking tools.

One of Schlegel's drug customers, Zachary Rhodes, purchased drugs from Schlegel through a confidential informant (CI) that contained fentanyl on January 23, 2019. Rhodes used the substance, overdosed, and died. Rhodes's death was caused by the fentanyl-tainted drugs purchased from Schlegel. Subsequently, law enforcement used the CI to conduct four controlled buys of a fentanyl mixture from Schlegel in February and March 2019. During the third controlled buy, Schlegel directed the CI to meet him at Schlegel's father's residence to purchase heroin. While at the residence, the CI observed significant amounts of methamphetamine, heroin, and multiple handguns.

Based on the facts gathered in the investigation, the government charged Schlegel in a seven-count indictment. Schlegel pleaded guilty to possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(C) (Count 1), and distribution of a mixture and substance

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

containing a detectable amount of fentanyl, in violation of § 841(a)(1) and (b)(1)(C) (Count 2).

The presentence investigation report (PSR) calculated Schlegel's base offense level at 38. *See* U.S.S.G. § 2D1.1(a)(2) (increasing base offense level for selling drugs if they cause a "death or serious bodily injury"). The PSR recommended the following enhancements: (1) a two-level enhancement for possession of a dangerous weapon, *see* U.S.S.G. § 2D1.1(b)(1); (2) a two-level enhancement for maintaining premises for purposes of manufacturing or distributing a controlled substance, *see id.* § 2D1.1(b)(12); (3) a two-level enhancement for Schlegel's role as an organizer, leader, manager, or supervisor in any criminal activity, *see id.* § 3B1.1(c); and (4) a chapter four enhancement for career offender status under the Sentencing Guidelines.[2]

The court also applied a two-level downward adjustment for acceptance of responsibility. *See id.* § 3E1.1(a). As a result of Schlegel assisting authorities in the investigation or prosecution of his own misconduct, the court applied an additional decrease by one level. *See id.* § 3E1.1(a).[3] After applying the adjustments, the court calculated Schlegel's total offense level as 41 and determined that he was a category

---

[2]Schlegel's first attorney filed objections to the PSR before the sentencing hearing. Schlegel was represented by different counsel at the sentencing hearing due to the death of Schlegel's first attorney. Schlegel objected to these recommendations before the sentencing hearing. The district court addressed the objections and overruled them. Schlegel initially objected to the career offender enhancement but later withdrew this objection at an objection meeting held in July 2020. Schlegel did not object to any of the enhancements recommended in the final PSR.

[3]The court noted that even if Schlegel's objections weren't overruled, the Guidelines range would remain the same.

VI criminal offender.[4] Schlegel's advisory Guidelines range was 360 months to life imprisonment. Before the court imposed its sentence, Schlegel asked for a below-Guidelines sentence of 240 months, noting that while he had made a lot of bad decisions, he had suffered through a difficult life.

The court explained the § 3553(a) factors used in determining the appropriate sentence for Schlegel and its reasons supporting the specific sentence imposed. The court particularly noted the timing of the offenses. The court pointed out that even after Rhodes's death due to Schlegel's drug distribution in January 2019, Schlegel continued to make illicit drug sales. The court also considered the seriousness of the charges, the dangerousness of the activity, its community impact, the amount of drugs located in the storage unit, and the possession of firearms connected to this case. The court further noted that Schlegel was under state supervision at the time of the offenses and qualified as a career offender.

The court considered mitigating factors as well. It specifically noted that Schlegel experienced childhood trauma and has a long-term substance abuse problem. Accordingly, the district court applied a 36-month downward variance and sentenced Schlegel to 324 months' imprisonment on Count I and 240 months' imprisonment on Count II; it ordered the terms to be served concurrently.

## II. *Discussion*

On appeal, Schlegel challenges his sentence as procedurally unsound and substantively unreasonable. We first "ensure that the district court did not commit a significant procedural error." *United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir. 2008) (internal quotation marks omitted). Such errors include "failing to consider the § 3553(a) factors" and "failing to adequately explain why a sentence was chosen." *Id.*

---

[4]Schlegel had accumulated 18 criminal history points, and it was not disputed that he qualified for career offender status.

-4-

(internal quotation marks omitted). "If the district court's decision is procedurally sound, then we will consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard." *Id.* (internal quotation marks omitted).

## A. *Procedural Error*

Schlegel contends that the district court committed procedural error by failing to fully consider the § 3553(a) factors and adequately explain the reason for its sentence. However, Schlegel "concedes that he did not object at [s]entencing to any alleged procedural error" and that our review of his claim is for plain error. Appellant's Br. at 10.

A sentence survives plain-error review unless the defendant shows that the sentencing court committed "(1) an error; (2) that is plain; and (3) that affects substantial rights." *United States v. Thigpen*, 848 F.3d 841, 847 (8th Cir. 2017) (internal quotation marks omitted). Schlegel acknowledges that the court "engage[d] in some recitation of the § 3553(a) factors at [s]entencing and indicate[d] that it had considered them in crafting a sentence." Appellant's Br. at 11 (emphasis omitted). But Schlegel nonetheless contends that the court procedurally erred in not conducting "a more meaningful on-the-record examination," *id.* at 12, of Schlegel's family history because its "failure to do so constitutes failure to adequately consider the characteristics of the defendant under § 3553(a)(1)," *id.* at 12–13.

We disagree. Schlegel has not shown the district court erred at all, let alone plainly so. "A district court need not 'categorically rehearse' each of the § 3553(a) factors . . . 'as long as it is clear that they were considered.'" *United States v. Clayton*, 828 F.3d 654, 657 (8th Cir. 2016) (quoting *United States v. Richart*, 662 F.3d 1037, 1049 (8th Cir. 2011)). On this record, it is evident the district court properly considered the required sentencing factors. As the government noted, "[t]he district court explicitly stated that it had reviewed all of the relevant materials for sentencing, to include the PSR and the sentencing memoranda, which both contained robust

discussions of Schlegel's childhood, including the absence of his father, and his mental and emotional health." Appellee's Br. at 12. At the sentencing hearing, the district court expressly identified the sentencing considerations required by § 3553(a) and stated that it had "considered each and every one of them." R. Doc. 148, at 30.

Schlegel faults the district court's lack of detailed discussion weighing his absent father and mental health issues in determining his sentence. However, the record reflects that the court reasonably considered Schlegel's unfortunate past when determining an appropriate sentence. The court stated:

> [T]he [c]ourt considers and recognizes that there are significant mitigating factors in this defendant's history and characteristics. The defendant had significant trauma as a child. He recently lost his mother. As a child, he suffered abuse. His father was not a part of his life. And while he's had some father figures step in and a stepfather, the [c]ourt recognizes those traumas significantly affected this defendant.

*Id*.

On this record, we discern no procedural error, plain or otherwise, in the district's court sentencing of Schlegel.

### B. *Substantive Reasonableness*

Schlegel also asserts that despite the district court's 36-month downward variance, his 324-month sentence is substantively unreasonable. *See Zastrow*, 534 F.3d at 855 ("If the district court's decision is procedurally sound, then we will consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard." (internal quotation marks omitted)).

To support his claim, Schlegel argues that he "provided compelling reasons" for a greater downward variance, including (1) his family history and (2) his history

of substance abuse and mental health issues. Appellant's Br. at 17. Schlegel's father left his family when Schlegel was three years old. This fact was noted in the PSR, and the court mentioned it at the sentencing hearing. "[A] sentencing court 'has wide latitude to weigh the [§] 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" *United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010) (quoting *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009)). The district court does not abuse its discretion simply by weighing the relevant factors in a manner contrary to the defendant's preferences. *See Lozoya*, 623 F.3d at 627; *Bridges*, 569 F.3d at 379.

Based on our review of the record, Schlegel's claim of abuse of discretion is without merit. "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Hager*, 768 F. App'x 583, 585 (8th Cir. 2019) (unpublished per curiam) (internal quotation marks omitted). Schlegel's proffered reasons and authorities do not show an abuse of discretion in this case.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____